No. 23,154.

THE LOGAN-MOORE LUMBER COMPANY, *Appellee*, V. M. G. BOW-
ERSOCK et al. (M. G. BOWERSOCK and J. D. BOWERSOCK, *Ap-
pellants*.)

SYLLABUS BY THE COURT.

1. MORTGAGE — *Property Abandoned — Mortgagee in Possession — Must
Account for Rentals Received.* A mortgagee in possession holding a
first lien on property abandoned by the mortgagor was properly re-
quired to account to a second mortgagee for the rentals received and
remaining after the satisfaction of the first lien, and the costs and
expenses chargeable against such rentals.

2. PRACTICE—*No Error in Refusal to Reopen Case After Judgment.* No
error was committed in refusing to reopen the case after judgment to
receive an instrument purporting to convey the interest of the mort-
gagor to the wife of the first mortgagee.

Appeal from Douglas district court; CHARLES A. SMART,
judge. Opinion filed May 7, 1921. Affirmed.

*M. A. Gorrill*, of Lawrence, for the appellants.

*John J. Riling*, and *Edward T. Riling*, both of Lawrence, for
the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: In this foreclosure proceeding the claims
of the parties and the priorities of their liens on two city lots
were adjudicated. Upon a former appeal the judgment was
affirmed except as to a small amount. (*Lumber Co. v. Bower-
sock*, 100 Kan. 328, 164 Pac. 156.) After the remand of the
case and the modification of the judgment, the plaintiff caused
an order of sale to be issued under which a sale of the property
was made, one lot for $4,500 and the other for $4,750. The
sale was confirmed and distribution of the proceeds ordered
in accordance with previous findings and adjudication of the
several liens. As to lot 7 it had been adjudged that J. D. Bow-
ersock had a first lien upon it for $4,153, the plaintiff lumber
company, a second lien for $537, and Mrs. M. G. Bowersock,
a third lien for $300. This lot was sold for $4,500. As to
lot 8 the judgment was that J. D. Bowersock had a first lien

on it for $3,751, the lumber company a second lien for $229.34, and Mrs. Bowersock a third lien for $300. The sale price of this lot was $4,750. The proceeds of the sale were insufficient to discharge the costs, charges and liens adjudged against the lots, and hence the court required J. D. Bowersock to account for rentals received by him while in possession of the property. The former owner and mortgagor had abandoned the property and J. D. Bowersock had obtained possession of it and had received as rentals $40 per month on each of the lots. Upon an accounting it was found that after allowing J. D. Bowersock, the mortgagee in possession, for payment of taxes, insurance, repairs and other expenses, properly chargeable against the rentals, there remained in his hands $1,250, and it was ordered that this be applied first to the balance due on the first lien held by him, secondly, on the second lien of the lumber company, and then upon the claim of J. D. Bowersock that was postponed to the lien of the lumber company, and the balance, if any, on the lien of Mrs. Bowersock.

The defendants contend that the court erred in requiring the application of the rentals to the payment of plaintiff's second lien in preference to the subsequent ones held by them. It is urged that as mortgagees in possession they had the rights of Brown, the mortgagor, who if he had not abandoned the property would have been entitled to the possession and use of it until a foreclosure and sale had been effected. They therefore insist that under the doctrine of the application of payments they had a right to apply the rentals, which would have been Brown's and as to the payment of which he had given no directions, upon their later liens as they might see fit. First, it may be said that Mrs. Bowersock was not held to be a mortgagee in possession. According to the findings J. D. Bowersock only was in possession of the property, and his wife did not have the rights of a mortgagee in possession. He was in possession of the property under and by virtue of his mortgage, and the mortgagor was not claiming an equity of redemption, but had, as we have seen, abandoned the property. The taking of possession is a method of payment and is one of the remedies afforded mortgagees to obtain satisfaction of their liens. There being specific liens on the property, J. D. Bowersock did not have the right to dispose of the rentals

as he saw fit, but it was the duty of the court to make an application of them. The other encumbrancers had an interest in the property of the same character as his own, although subsequent to his first lien. Equity requires that he should account to the holders of the subsequent liens according to their rank for any surplus that remained of the rentals after satisfaction of his earlier lien. In *Gordon v. Lewis,* 10 Fed. Cas. 5613, it was said:

"But the case of *Archdeacon v. Bowes,* 13 Price, 353, 373, seems to me fully to justify this proceeding; as it also conclusively establishes the right of a second mortgagee, after the satisfaction of the first mortgage, to claim from the first mortgagee, after notice, all the rents and profits, which have not been paid over or accounted for, to the mortgagor, so far as they are necessary for the satisfaction of the second mortgage." (p. 811.)

In *Hatch v. Falconer,* 67 Neb. 249, it was held that:

"It is the duty of a mortgagee in possession to account to subsequent mortgagees for the full and fair rental value of the premises while controlled by him." (Syl. ¶ 2. See, also, 27 Cyc. 1252.)

After the rendition of judgment M. G. Bowersock asked permission to offer in evidence a deed from the mortgagor, purporting to quitclaim his interest to her, the deed having been found in the possession of a third party, but how it came into his possession was unknown. No error was committed in refusing to reopen the case and admit the paper in evidence.

It must be held that an equitable and proper distribution of the rentals from the property was made by the court and hence its judgment is affirmed.