WILLIAM W. CALDWELL *et al.* v. RICHARD ALSOP.

MORTGAGE — *Foreclosure — Lease of Land — Crop Rent — Assignment.*
An owner of mortgaged land leased the same to another, and reserved as rent a share of the crop. He was in default in the payment of the mortgage, and insolvent. After default was made, and after the leasing of the premises, but before the rent was due, he sold his share of the crop rent to one who had notice of the mortgage and of the default. After the crop had fully matured, but while it was standing upon the land, foreclosure proceedings were begun and a receiver of the land appointed, but the court refused to authorize the receiver to take possession of the crop. *Held,* That the order of refusal was not error.

*Error from Clay District Court.*

THE material facts are stated in the opinion.

*F. L. Williams,* and *Caldwell & Ellis,* for plaintiffs in error.
*C. C. Coleman,* for defendant in error.

The opinion of the court was delivered by

JOHNSTON, J.: This proceeding was brought to reverse an order of the judge of the district court of Clay county limiting the powers of a receiver who had previously been appointed. On March 1, 1887, O. R. Sweezey and wife executed a mortgage to T. W. Marshall upon a quarter-section of land in Clay county, to secure the payment of a promissory note for $2,000, and on the same day executed a second mortgage to Caldwell, Peterson & Munford to secure the payment of a commission note for $135. Each mortgage provided that, if default was made by the mortgagors in the payment of interest or any installment of the debt, the conveyance should become absolute, and at the option of the legal holder thereof the whole of the debt should become due and payable, and the legal holder of the note should be entitled to the immediate possession of the land, "and receive the rents, issues and profits arising therefrom." Default was made on both of the notes, and an action was begun by Caldwell & Peterson to fore-

close their mortgage, and on September 4, 1889, upon application of plaintiffs, the probate judge of Clay county appointed a receiver to take charge of the mortgaged real estate and of the crops then standing and growing thereon. Afterward, and on September 20, 1889, a motion was made by the defendant to set aside the appointment of the receiver, before the judge of the district court, who made the following findings of fact:

"That on the 1st day of March, 1889, defendant O. R. Sweezey, was the owner in fee-simple of the northeast quarter of section 2, in township 10 south, of range 3 east, in the county of Clay and state of Kansas; that on said date said land was and now is encumbered by two mortgages described as follows: One mortgage to T. W. Marshall, on which there is due about $2,360, and one mortgage to plaintiffs, on which there is due about $135; that the state and county taxes, amounting to about $50, are unpaid; that said land is not worth more than $3,000, and will not probably bring more than $2,000 if sold under execution for cash; that before abandoning it they leased the same to one A. J. Daugherty, defendant herein; that said Daugherty agreed to pay and deliver to said Sweezey one-third of the corn and other grain grown on said farm, at the village of Wakefield, in said county of Clay, as rent therefor; that said Daugherty planted and cultivated on said land in the year 1889 about 60 acres of corn, which was standing thereon, but fully matured, on the 3d day of September, 1889, at the time of the appointment of the receiver herein, and one-third part thereof was and is worth, delivered at the town of Wakefield, in said county of Clay, at least $125; that after the leasing of said premises to said Daugherty by the said Sweezey, to wit, on the 15th day of April, 1889, and after default had been made in the payment of plaintiff's mortgage, and before said rent was due, said Sweezey, for the consideration of $370, sold to said Alsop, who had notice of said mortgage and of said default before making said purchase, the one-third of the crop growing on said land for the year 1889, being the rent reserved by him from said Daugherty; that said mortgage pledged the rents and profits of said land for the payment of the debt hereby secured; that said Alsop had not collected said rent corn so due him, but the same is still in the hands of said Daugherty, and is not in

condition to be harvested and delivered in said town of Wake-field."

Upon these facts the judge of the district court modified the former order of the probate judge, and ordered that the re-ceiver take no control over any portion of the crop nor receive the same into his possession. The plaintiffs complain of this order, but without just cause. It will be observed that the corn was fully matured and had been sold by the mortgagor before the application for a receiver was made and before the foreclosure proceedings had been commenced. The mort-gagees obtained no estate in the mortgaged lands. Under our statutes their mortgage was a mere security for a debt, and the mortgagor was entitled to the possession and use of the prem-ises and to the crops grown thereon until his right was di-vested by appropriate judicial proceedings. The title to the land remained in the mortgagor, and his right to control and dispose of the annual crops remained in him at least until the receiver obtained possession. The fact that the mortgage debt was due and that the mortgagor was in default did not of itself divest him of the right to control and dispose of the crops. The corn grown on the land was chattel property, which the mortgagor had a right to sell, and having sold the same prior to the appointment of the receiver, the purchaser obtained a good title.

The case of *Beckman v. Sikes*, 35 Kas. 120, is cited against the ruling of the district judge, but it does not apply. There the mortgagor planted a crop of corn after the foreclosure of the mortgage, and it was immature and growing when the land was sold pursuant to the decree of foreclosure, and it was held that the crop passed by the sale to the purchaser. Here no steps were taken by the mortgagees until the crop had ripened, and had in legal effect been severed through a sale by the mortgagor. If no transfer of the crop had been made, and the receiver had obtained possession of the mort-gaged premises while the crop was immature and growing upon the land, as is the case in some of the authorities cited

by plaintiff in error, other considerations would arise; but under the facts in this case we think the court correctly held that the receiver was not entitled to the possession of the crop purchased by the defendant in error. (*Hecht v. Dettman*, 56 Iowa, 679; *Woolley v. Holt*, 14 Bush, 788; *Hershey v. Metzgar*, 90 Pa. St. 217; *Backenstoss v. Stahler's Adm'rs*, 33 id. 251; *Purner v. Piercy*, 40 Md. 223; *Mulligan v. Newton*, 16 Gray, 211; *Wyckoff v. Scofield*, 98 N. Y. 475.)

The order will be affirmed.

All the Justices concurring.