No. 30,228.

The Capitol Building and Loan Association, *Appellee*, v. P. F. Dobson and J. M. Dever, *Defendants* (A. M. Anderson, Intervener, *Appellant*).

(7 P. 2d 64.)

Opinion filed January 30, 1932.

*William Wallace,* of Topeka, for the appellant.

*P. H. Forbes,* of Topeka, for the appellee.

The opinion of the court was delivered by

Burch, J.: The action was one by a building and loan association claiming to be a mortgagee in possession, to enjoin grantees of the mortgagor from interfering with plaintiff's possession. Plaintiff prevailed, and an intervener, who succeeded the original principal defendant, appeals.

Bean was mortgagor. The property consisted of two houses on adjoining lots. One house was a duplex apartment, and both houses were occupied by tenants who paid rent. Bean was leaving town, and in June, 1928, he put plaintiff in possession, under an arrangement whereby plaintiff was to take care of the property, collect rents, make repairs, and apply net proceeds to payments due plaintiff. The intervener claims plaintiff was merely agent of defendant, and argues that it would now be unfair, inequitable, and a breach of faith for plaintiff to claim as mortgagee in possession.

Bean was the one who was guilty of bad faith. After plaintiff took possession, Hamilton, a representative of plaintiff, had a conversation with Bean. Bean was trying to find a buyer—had some trade in prospect. In the conversation Hamilton stressed the matter of a responsible buyer who could satisfy plaintiff he could take care of the mortgage. Hamilton told Bean possession would not be surrendered unless plaintiff was satisfied with the proposed purchaser. Bean assented and said that if he could make a trade he would bring the buyer in and let him talk to Hamilton. Just before

Christmas, 1929, Bean came to plaintiff's office. He was told rent received was not sufficient to pay taxes, pay for repairs, and make payments on the mortgage, and the account had reached such a state it was necessary to arrive at some kind of settlement. Bean said he did not want to be sued, and if he could not do anything by the first of January he would give plaintiff a deed. That course was agreed to. Nothing was said to the effect plaintiff would not be in possession, and Bean never did ask for possession. In January, 1930, without conference with or notice to plaintiff, Bean sold to Dobson.

Dobson commenced to threaten tenants, and in May, 1930, plaintiff commenced an action to enjoin Dobson and another from interfering with plaintiff's possession. The case was tried, and before it was decided Anderson asked leave to intervene as a purchaser from Dobson. Leave was granted, and plaintiff filed an amended petition. Anderson answered by general denial and filed a cross petition. There was another trial, and when the court indicated injunction would be granted, Anderson withdrew his cross petition. The sole issue was whether plaintiff justly occupied the position of mortgagee in possession.

Bean made an affidavit to be used as evidence. The court rightfully rejected the affidavit because of noncompliance with the statute, but if the affidavit had been considered it would not have changed the result.

The mortgagor put plaintiff in possession, and we have possession not merely peaceably and lawfully acquired, but acquired by the act and with the consent of the mortgagor himself. The mortgagor was going away, and the authority of plaintiff to act for the mortgagor in keeping the premises rented and in repair, and in applying income to discharge of payments due on the mortgage, was not a simple agency relation. The property constituted plaintiff's security. It was the source, and indeed the sole source, of funds with which to preserve the security and keep up payments on the mortgage; and the testimony, considered in the light of the conditions, shows possession was surrendered to plaintiff for its own protection as mortgagee, quite as much as for the benefit of the mortgagor. In January, 1930, the mortgagor sold to Dobson. Plaintiff was still in lawful and peaceable possession, acquired and held without breach of obligation to or breach of faith with the mortgagor. The mortgagor claims nothing, and there are no equities of any kind in his

favor. Dobson merely acquired title, assumed nothing, and did nothing except disturb plaintiff's possession. Plaintiff's remaining in possession constituted no breach of faith with him, and the law is well settled that he was required to redeem if he desired possession. (*Stouffer v. Harlan*, 68 Kan. 135, 74 Pac. 610.) Anderson is an interloper, who plainly seeks to take the rents pending foreclosure and during the period of redemption. It scarcely lies in his mouth to invoke equity against plaintiff. The result is, the judgment of the district court was correct, even if we leave out of consideration the agreement, broken by Bean, relating to plaintiff's remaining in possession unless sale were made to a responsible purchaser, and the agreement, broken by Bean, to make a deed to plaintiff.

The judgment of the district court is affirmed.