No. 30,998.

THE FARMERS UNION JOBBING ASSOCIATION, *Appellant*, v. T. F. SULLIVAN, *Defendant;* THE HOMESTEAD BUILDING AND LOAN ASSOCIATION, Intervener, *Appellee.*

(21 P. 2d 303.)

Opinion on rehearing and modifying former opinion filed April 25, 1933. (For original opinion of affirmance see 137 Kan. 196, 19 P. 2d 476.)

*W. S. Norris* and *Homer B. Jenkins,* both of Salina, for the appellant.

*John Hamilton Wilson,* of Salina, for the appellee.

The opinion of the court was delivered by

HUTCHISON, J.: Our attention has been called on petition for rehearing in the case of *Farmers Union Jobbing Ass'n v. Sullivan,* decided March 11, 1933, and reported in 137 Kan. 196, 19 P. 2d 476, to two items of $50 each which, under the facts shown by the record, do not come within the rule laid down in that decision, being two items for rent due and payable by the tenants to the defendant owner on November 1, 1931, which were reached and covered by the service of garnishment summons about that date, and an answer was made by one of these tenants on November 3, 1931, and by the other on November 5, 1931, admitting that they then owed the defendant $50 each for rent due November 1, 1931.

The mortgage held by the intervener contained an assignment of the rents to the mortgagee, but no demand on the tenants had been made by the intervening mortgagee for the possession of the rents until November 23, 1931, and it was held in the decision rendered that the lien of the mortgagee was prior to a lien or claim under a garnishment process from the date of the demand, when immediately followed by consent or by judicial proceeding to obtain possession of the rents thus assigned.

Under this ruling the lien of the garnishment summons would be prior to that of the intervening mortgagee for all rents thus garnisheed before the date of the demand, November 23, 1931. The plaintiff is therefore entitled to collect these two items of $50 each reached by his garnishment before the demand was made. The decision heretofore rendered is modified to that extent but no further, as the next two items were covered by garnishment after the date of the demand.

Appellee suggests this exception now claimed by appellant was not in the appeal nor involved in the original case. It was mentioned in the brief of the appellant, and the action in the lower court included every item covered by the garnishment process and the subsequent stipulation.

The former decision is adhered to, except that it is modified to the extent of the two items of $50 each, which should be paid to the plaintiff under the garnishment process.