No. 31,170.

L. R. Kershaw, Receiver of the Montgomery County National Bank, *Appellant*, v. S. W. Squier and The Railroad Building, Loan and Savings Association, *Appellees*.

(22 P. 2d 468.)

Opinion filed June 10, 1933.

*Sullivan Lomax,* of Cherryvale, for the appellant.

*C. W. Mitchell,* of Cherryvale, *C. O. Conkey,* of Newton, and *H. W. Hart,* of Wichita, for the appellees.

The opinion of the court was delivered by

Johnston, C. J.: L. R. Kershaw, receiver of the Montgomery County National Bank, brought an action before a justice of the peace against S. W. Squier, and on August 9, 1932, obtained a judgment against him for $105.19. About the same time he procured the issuance of garnishment summons upon several tenants of a business building owned by the defendant, Squier. Squier had previously procured a loan from the Railroad Building, Loan and Savings Association, hereinafter spoken of as the loan company, and executed a mortgage on the building as security for the loan. The

tenants garnished joined in an answer stating that they were indebted to the defendant, Squier, in the aggregate sum of $235. The loan company was permitted to intervene and joined the defendant in a motion to discharge the garnishment upon the ground that the indebtedness due from the several garnishees is not due to the defendant as an individual but as trustee for the loan company.

Upon the hearing of the motion the justice of the peace decided in favor of the defendants, and plaintiff then appealed to the district court, and that court, upon an agreed statement of facts, decided that the motion of defendant and the interpleader to discharge the garnishment should be sustained. From that ruling plaintiff appeals.

The agreed facts disclose that Squier had obtained the loan and about the same time he and the loan company entered into an agreement in writing, designated as an "assignment of rents," which provided that in the event of a default in the monthly payments on the mortgage loan the rentals should be collected by a third party as trustee and applied by the trustee on monthly payments due on the loan, which were in default, that S. W. Squier should act as such trustee and that this instrument should remain in effect so long as the loan was in force, binding on executors, administrators and assigns, and that any conveyance, lease or mortgage of the property should be subject to the assignment. Default was made in the monthly payments of the loan by the defendant, and in May, 1932, the loan company notified the defendant that it declared the assignment of rents to be operative and required him to collect all rentals from the building as trustee for the loan company and remit the same to it, less necessary operating expenses. Defendant consented and did act in that capacity up to the bringing of these proceedings. The assignment has not been recorded or filed in the office of the register of deeds, and it may be said that neither the tenants nor the plaintiff had actual knowledge of the agreement at the time the garnishment summons was served.

It appears that Squier is not resisting the claims of the mortgagee as to its right to possess itself of the rentals of the mortgaged property. On the other hand he is coöperating with the mortgagee and has consented and is acting as trustee and had acted in that capacity about two months, collecting rentals and paying them to the mortgagee after deducting certain operating expenses. This

had been done for about sixty days prior to the time when the plaintiff's judgment was obtained and the garnishment proceedings begun.

The plaintiff contends that the mortgage was only a lien, and that the mortgagee under it and the assignment acquired no rights to the possession of either the mortgaged property or the rents and profits of the same, except by foreclosure or some proper judicial proceeding. He argues that even the stipulation in the mortgage did not have the effect of transferring title to the rents and profits of the building mortgaged, citing *Seckler v. Delfs,* 25 Kan. 159; *Caldwell v. Alsop,* 48 Kan. 571, 29 Pac. 1150; *Beverly v. Barnitz,* 55 Kan. 466, 42 Pac. 725; *Hall v. Goldsworthy,* 136 Kan. 247, 14 P. 2d 659. These cases do sustain his contention so far as regards the mortgagor's right and that a stipulation in the mortgage that the rents shall be applied to the payment of the mortgage debt does not confer title on the mortgagee but gives him only a lien enforceable by the ordinary judicial procedure. But, as we have seen, the mortgagor is not contesting the right of the mortgagee but has voluntarily consented and is helping to enforce the mortgagee's right. It is competent for the mortgagor to yield possession to the mortgagee and apply the rentals to the defaulted payments of the loan, notwithstanding the mortgagee could not claim that possession as against the mortgagor under the executory contract of the assignment.

In the Goldsworthy case it is said that if the mortgagee desires the possession of the mortgaged property under a contract, "such possession must be obtained and voluntarily consented to by the mortgagor." It has also been said that:

"It is competent for the parties to agree that the rents shall be collected by the mortgagee or a trustee and applied in reduction of the debt, . . . Unless acted upon by the parties, such provisions do not become effective, however, until the mortgagee actually obtains possession, or until he asserts his rights by securing the appointment of a receiver or impounding the rents and profits pending foreclosure, or taking some action equivalent thereto." (41 C. J. 628, 629.)

Here the parties, mortgagor and mortgagee, have acted, and the rentals have been yielded by the mortgagor and are being applied in accordance with their original agreement. It is conceded that in the absence of such action, including the voluntary consent of the mortgagor, the rule contended for by plaintiff would govern. *Farmers Union Jobbing Ass'n v. Sullivan,* 137 Kan. 196, 19 P. 2d 476, is a

case quite similar to the present one. There it was held, in effect, that it was competent for the mortgagor to give possession to the mortgagee of the rents and profits of the mortgaged property, and where this is done that no judicial proceeding is necessary to gain possession of that right, and that the right so acquired is superior to that of a garnishing judgment creditor. Here, the mortgagor not only stipulated that the mortgagee might possess himself of the rentals in a certain contingency but actually joined the mortgagee in carrying out the stipulation. He consented to act as trustee, and did act in that capacity for a time, collecting rentals and having them applied on the default payments due on the mortgage. Under the circumstances the loan company was in effect a mortgagee in possession with a right to the rentals, having obtained them with the consent and coöperation of both parties.

The district court committed no error in holding that the Railroad Building, Loan and Savings Association was entitled to the rentals as against the claim of a subsequent garnishing creditor.

The judgment is affirmed.