No. 36,578

HENRY J. SPARKS, *Appellee,* v. R. T. MAGUIRE and HELEN O. MAGUIRE, *Appellants.*

(169 P. 2d 826)

Opinion filed June 8, 1946.

*Robert R. Hasty,* of Wichita, argued the cause for the appellants.

*Douglas E. Shay,* of Wichita, argued the cause, and *Harry C. Castor, Justus H. Fugate* and *J. Paul Jorgensen,* all of Wichita, were on the briefs for the appellee.

The opinion of the court was delivered by

SMITH, J.: This was an action to cancel a contract for the purchase of real estate. Judgment was for the plaintiff. An appeal was taken. Subsequent to the taking of that appeal the plaintiff filed a motion in district court asking the court to vacate the judgment entered in his favor. This motion was allowed, whereupon the defendants appealed from that order. This appeal was entered under the same docket number as the former appeal. Both were heard together. The facts are about as follows:

The plaintiff filed a petition in which he alleged facts necessary to state a cause of action for cancellation of a contract to purchase real estate. A copy of the contract was attached to the petition.

Judgment was asked that defendants pay the amount actually due upon the contract within a reasonable time or that in default of such payment they be barred from any interest in the property; that the plaintiff have his costs and for such other relief as might be equitable.

The contract was for the sale of two lots in Wichita. It bore the date of March 27, 1944, and provided for a purchase price of $4,750, $200 to be paid in cash and $4,550 to be paid in monthly installments of $50 beginning on the first day of April, 1944, and the entire unpaid balance to be paid in full on March 1, 1945, and that when the purchase price had been fully paid the plaintiff was to convey the property to the defendants and the defendants were to pay all taxes and assessments and in case of failure of the defendants to perform the covenants for a period of thirty days the contract should be forfeited at the option of the plaintiff and the plaintiff should have the right to reënter and take possession of the property.

The defendants answered by way of a general denial except such allegations as were admitted. They admitted the execution of the contract and the payment of the amounts alleged but denied that the copy of the contract attached was a true copy and alleged they were unable to furnish a true copy. The answer further alleged that at the time of the execution of the contract it was difficult to find suitable property in Wichita to rent; that the Office of Price Administration had fixed a rental price of $25 a month upon the property in question; that plaintiff would not rent his property for that price but offered to rent it to defendants for $50 a month provided the defendants would sign a pretended contract of purchase with plaintiff showing payments at the rate of $50 a month, but that any such pretended agreement in writing was not to be signed or delivered as a binding contract but only as an artifice to avoid the rental regulation; that the $200 referred to was never paid and was never intended to be paid; and none of the other terms of the pretended contract were to be enforced by the parties. The defendants disclaimed any rights under the contract and alleged that by reason of their disclaimer and the oral agreement pleaded the court had no jurisdiction to render a judgment concerning the pretended contract, either for the purpose of canceling it or affixing conditions of payment; that defendants pursuant to it took possession of the property on April 1, 1944, and continued to

occupy it. The prayer was that plaintiff be denied any relief; that his cause of action be dismissed and for such other and further relief as the court would deem proper.

The reply was a general denial.

The court on November 15, 1945, decreed that defendants should have thirty days from November 15, 1945, to pay what was due on the contract or they should give possession of the premises at the end of the thirty days and should they fail to put the contract in good standing by December 15, 1945, the contract should be canceled.

The defendants filed a motion asking the court to vacate that judgment and to render judgment for the defendants for the reason that the court was without jurisdiction to render judgment for the plaintiff on the evidence offered by him; that his evidence was incompetent and not sufficient upon which to render judgment for the plaintiff and that by reason of the incompetent evidence of the plaintiff, upon which judgment was rendered, the evidence of defendants was undisputed and defendants, therefore, were entitled to have judgment rendered in their favor. They also filed a motion for a new trial because the judgment was in whole or in part contrary to the evidence. All of these motions were denied—hence the first appeal.

Subsequent to the filing of that appeal the plaintiff filed a motion in the trial court asking the court to vacate the judgment it had entered in his favor and in support of the motion pointed out that the court did not have jurisdiction to enter the judgment for the reason that the mortgage registration tax, required by law to be paid on the contract, which was the subject matter of the action, was not paid. The trial court on hearing of this motion found that the mortgage registration tax had not been paid and that by reason thereof the judgment entered on November 15 was void. From this order the defendants appealed. These two appeals were docketed and heard together.

It will be noted the party who had obtained a judgment later, while an appeal was pending here, went into the same court where the case was tried and the judgment entered, and asked that it be vacated. One might think at first blush that since the defendants had asked in their answer that plaintiff take nothing they would be happy when the court finally set aside the judgment that had been entered against them and would dismiss their appeal. They continued, however, to press it here.

We shall take up the first appeal, laying aside for the moment any thought of the second appeal.

The contract which the plaintiff sought to cancel was introduced in evidence. At the time it was introduced defendants made the objection that it was incompetent, irrelevant and immaterial, no foundation laid and not entitled to admission. The court overruled that objection. There was some testimony then about efforts of the plaintiff to induce defendants to sign an extension of this contract. Then a statement that plaintiff had paid the 1944 taxes and no payment had been made upon the contract after March 1, 1944. Some checks were then admitted with which we are not concerned at this time.

At the conclusion of this evidence the defendants demurred to it on the ground that it failed to show facts sufficient to constitute a cause of action against defendants because no competent evidence had been introduced to support plaintiff's petition. This demurrer was overruled.

Defendants then introduced their evidence to the effect that the written contract had been signed as a means of circumventing the limitation placed by the OPA upon rent that might be charged for the property; that the $200 spoken of in the contract was to be paid at the rate of $50 a month to apply as rent and that the understanding was that defendants were not to be bound by the written contract.

Defendants rely on the provisions of G. S. 1935, 79-3107. That section reads as follows:

"Any mortgage of real property executed on or after March 1, 1925, on which the registration fee as herein provided has not been paid, shall not be filed for record by any register of deeds, and such mortgage shall not be received in evidence in any suit, action or proceeding, and no judgment, decree or order for the enforcement thereof shall be rendered, made or entered in or by any court in this state."

All parties are in agreement now that the contract in question is the sort of contract to which the above section applies. See *Ditzen v. Given,* 139 Kan. 506, 32 P. 2d 448. The mortgage registration tax had not been paid. That particular point was not called to the attention of the trial court at the trial but all parties concede such to be the case. The contract was not competent to be introduced in evidence.

Defendants argue first that if the contract was not competent, then it should not have been admitted and the court had no juris-

diction to enter judgment on it. Defendants remark in their brief that this question was raised at every stage of the proceeding. We find it a little difficult to find from this record where the precise question of the effect of this statute was raised, either in the objection to its introduction, in the motion for a new trial or any of the other post-trial motions. The statement was made in oral argument before us that counsel for plaintiff did not learn of this claim of defendants until their brief was filed in this court. Under such circumstances we have held that a judgment would not be reversed on account of a trial error, to which the attention of the trial court was not called. See *Farmers Union Jobbing Ass'n v. Sullivan*, 137 Kan. 196, 19 P. 2d 476; *Schmitz v. Schmitz*, 125 Kan. 115, 263 Pac. 1045; *Toops v. Atchison, T. & S. F. Rly Co.*, 128 Kan. 189, 277 Pac. 57; and *Skibbie v. Liberty Life Ins. Co.*, 130 Kan. 121, 285 Pac. 581.

Because of the argument made as to the lack of jurisdiction of the trial court, however, we have concluded to consider the effect of G. S. 1935, 79-3107, on this contract. There can be no doubt but that it was error for the trial court to admit the contract in evidence. See *Ditzen v. Given*, supra.

This conclusion requires a reversal of the judgment. There is a question as to whether it should be reversed for a new trial or judgment ordered for defendants. Defendants argue that since the evidence of defendants as to the oral contract was undisputed, the oral agreement to which they testified required judgment being ordered for them. Defendants in making their case testified about the terms of the written contract and then testified that at the time the written contract was executed there was an oral contract between the parties to the effect that the written contract was not to be binding. The plaintiff introduced the written contract; testified that the defendants had not complied with its terms, and rested. Granting for the sake of argument that it was proper for the court to admit oral testimony to the effect the written contract was not to be binding it does not follow that the defendants were entitled to judgment upon that evidence. The trial court was not obliged to believe their testimony. See *Swartz v. Levin*, 108 Kan. 224, 194 Pac. 646, also, *Fenn v. Kansas Gas & Electric Co.*, 118 Kan. 131, 234 Pac. 77.

It was incumbent upon defendants to establish the oral contract pleaded. Whether they sustained that burden was a question for

the trial court. It follows that judgment should not be ordered for the defendants but that a new trial should be ordered.

Now for defendants' appeal from the order vacating the judgment of November 15, 1945. According to statements made in the oral argument, when counsel for plaintiff saw the defendants' brief filed in this court he for the first time had his attention called to G. S. 1935, 79-3107, and its application to the contract we have here.

He thereupon filed the motion to which reference has already been made to vacate the judgment even though it was in favor of his client on the ground that it was void under the statute. The trial court adopted this view and did vacate the judgment on that ground.

The judgment was entered on November 15, 1945. That was during the October term of that court. That term ended January 14, 1946. (See G. S. 1935, 20-1018.) The order vacating the judgment of November 15, 1945, was made on April 15, 1946. It will be noted that the term at which the judgment was entered had gone by. After the term had expired the judgment must stand unless vacated by proceedings brought for that purpose. See *Chapman v. Irrigation Co.*, 75 Kan. 765, 90 Pac. 284. The proceedings for that purpose are those provided for in G. S. 1935, 60-3007. Plaintiff did not attempt to proceed under that section. He proceeded under G. S. 1935, 60-3009. That section provides as follows:

"A void judgment may be vacated at any time, on motion of a party or any person affected thereby."

It will be noted the above section applies only where the judgment is void.

Section 79-3107 provides first that contracts of the sort contemplated by it where the taxes have not been paid shall not be received in evidence. Since the trial court did receive this contract in evidence over the objection of the defendants that was clearly a trial error.

The question is—Does the provision "no judgment, decree or order for the enforcement thereof shall be rendered, made or entered in or by any court in this state" require a holding that the judgment entered thereon was void? The trial court had jurisdiction of the parties and of the subject matter of the action. All parties agree on that. The relief sought and granted in the first instance was such relief as the trial court had power and authority to grant. Had

the taxes been paid on the contract in question no jurisdictional question would have arisen.

The above provision does not require a holding that the judgment was void. The admission of the contract in question in evidence was a trial error only.

It follows that the judgment of the trial court vacating the judgment of November 15, 1945, on the ground that it was void, must be reversed.

The result is that both judgments are reversed and the cause is remanded to the trial court to grant defendants a new trial in accordance with the views herein expressed.

HOCH, J. (concurring in part and dissenting in part): I concur in the view that it was error to admit the contract in evidence and that a new trial is properly granted. But I think that the judgment of November 15, 1945, was void and that the judgment of April 15, 1946, vacating it, should therefore be affirmed. It is said in syllabus 2 that admission of the contract upon which the tax had not been paid did not make the judgment void. I agree with that statement; what makes the judgment void is the statute itself. Section 79-3107, G. S. 1935, not only provides that any mortgage of real property on which the registration fee has not been paid shall not be filed for record and shall not be received in evidence, but further provides that *"no judgment, decree or order for the enforcement thereof shall be rendered, made or entered in or by any court* in this state." No words could be plainer. Aside from the statute the judgment would have been voidable only, but when the legislature said that no judgment shall be rendered in such a case by any court, it clearly, in my opinion, deprived the court of jurisdiction to render any such judgment.

BURCH, J., joins in the foregoing opinion.