## In re WISTON XXIV LIMITED, PARTNERSHIP, Debtor.

### Bankruptcy No. 91–40410–11.

United States Bankruptcy Court, D. Kansas.

April 21, 1992.

Royce E. Wallace, William H. Zimmerman, Wallace & Zimmerman, Wichita, Kan., for debtor.

Jonathan A. Margolies, David D. Ferguson, McDowell, Rice & Smith, P.C., Kansas City, Mo., and Michael L. Molinaro and Ronald E. Gold, Katten Muchin & Zavis, Chicago, Ill., for creditor.

John Foulston, Wichita, Kan., U.S. Trustee.

## MEMORANDUM OF DECISION

JAMES A. PUSATERI, Bankruptcy Judge.

This matter is before the Court on a dispute between the debtor as mortgagor and Balcor Pension Investors V (Balcor) as creditor-mortgagee. The debtor claims that an assignment of rents clause is not effective in Kansas unless, post-default, (1) the debtor has consented to the mortgagee collecting the rents, or (2) the mortgagee has begun a foreclosure proceeding and obtained the appointment of a receiver, or taken some equivalent action. The debtor asserts that the mortgagee had taken no such action by the time the debtor filed its chapter 11, and that thereafter, the mortgagee can take no action that would enable it to defeat the debtor-in-possession's exercise of the trustee powers under 11 U.S.C.A. § 544. Balcor claims that its post-petition notice to the debtor qualified under § 546(b) as the equivalent of obtaining a receiver under Kansas law, and so was effective to make the post-petition rents its cash collateral during this chapter 11 proceeding.

The debtor is represented by Royce E. Wallace and William H. Zimmerman, Jr., of Wallace & Zimmerman, Wichita, Kansas. The creditor is represented by Jonathan A. Margolies and David D. Ferguson of McDowell, Rice & Smith, P.C., Kansas City, Missouri, and Michael L. Molinaro and Ronald E. Gold of Katten Muchin & Zavis, Chicago, Illinois.

The parties do not dispute the facts necessary to this decision and have submitted memoranda in support of their respective positions. The Court is now prepared to rule.

## FACTS

Along with the mortgage and note to Balcor, the debtor contemporaneously executed an assignment of rents. Later, on the date it filed this chapter 11, the debtor was in default on the mortgage. Balcor had not yet commenced a foreclosure action, and the debtor had not, post-default, agreed to allow Balcor to collect the rents, though Balcor had demanded it do so. Since filing for bankruptcy, the debtor has remained in possession of and operated the mortgaged premises, the Villa Medici apartment complex in Johnson County, Kansas. A few days after the debtor's filing, Balcor sought segregation and sequestration of the rents and filed an attempted notice under 11 U.S.C.A. § 546(b). This case was filed prior to the change in Kansas law which became effective May 23, 1991 and is thus uneffected thereby. *See 1991 Kan.Sess.Laws ch. 161, pp. 1067–68.*

## DISCUSSION AND CONCLUSIONS

The question presented here is whether the post-petition rents generated by the apartment complex are Balcor's cash collateral. On a number of occasions, this Court has ruled on this issue adversely to the creditor-mortgagee's position, most recently in the case of *In re Glessner (Glessner v. Union National Bank & Trust Company)*, 140 B.R. 556, Memorandum of Decision (1992). The Court believes that decision correctly explains the law which applies here, and, for the reasons stated there, concludes the rents are not Balcor's cash collateral.

Balcor recognized that *Glessner* is a major impediment to its argument, and so it attempts to distinguish the case. In *Glessner*, this Court cited the Kansas case of *Farmers Union Jobbing Ass'n v. Sullivan*, 137 Kan. 196, 19 P.2d 476, *modified on rehearing* 137 Kan. 450, 21 P.2d 303 (1933). Balcor discusses that case but misinterprets the holding and application thereof. *Farmers Union* involved a contest between a judgment creditor which garnished rents owed to the judgment debtor and the debtor's mortgagee, which intervened in the garnishment action. The initial garnishment occurred about five years after the mortgage and note containing an assignment of rents clause were executed, but before the mortgagee's intervention and the parties' agreement to have the rents paid to the mortgagee to hold until the lien priority between the mortgagee and garnishing creditor was determined. The court initially awarded the rents to the mortgagee, but on rehearing awarded the judgment creditor the fruits of its initial garnishment. This rehearing decision was obviously based upon a recognition that, pursuant to Kansas statutory and case law, a garnishment creates a lien on the property of the debtor in the hands of the garnishee from the time of its service on the garnishee, *R.T. Davis Mill Co. v. Bangs*, 6 Kan.App. 38, 49 Pac. 628 (1897); *In re Thomas*, Case No. 91–21807–7, Memorandum Opinion and Order, slip op. at 4 (March 11, 1992) (Franklin, J.); K.S.A. 60–717(c), and the concept that a mortgagee is not entitled to the rents, regardless of an agreement for assignment of rents, until default and a judicial proceeding (e.g., foreclosure and appointment of a receiver) or its equivalent (e.g., consent of the mortgagor), *Hall v. Goldsworthy*, 136 Kan. 247, 14 P.2d 659 (1932); *Farmers Union*, 137 Kan. at 199–201, 19 P.2d 476.

Balcor contends that the *Farmers Union* case held that the mortgagee's lien on rents was superior and prior to the garnishment lien of the judgment creditor even though the garnishment lien arose before the mortgagee enforced its lien on the rents. This is incorrect. The mortgagee's subsequent action to enforce its rent assignment does not and did not destroy the garnishor's lien right which had already accrued, as shown by the fact that the funds attached by the garnishment were awarded to the judgment creditor in

the decision on rehearing. Thus, so long as the garnishment lien attaches to funds belonging to the debtor before the mortgagee takes the action required to enforce its rent assignment, the mortgagee loses those funds to the judgment creditor. While the mortgagee was able to gain priority to rents coming due in the future, it was not able to gain priority to accrued rents attached by the garnishment before the mortgagee took enforcement steps. Consequently, contrary to Balcor's assertion, *Farmers Union* shows that Kansas law does not permit perfection of a rent assignment to be completely effective against an entity that acquires rights in the rents before the date of enforcement, i.e., the mortgagee has no right to vitiate retroactively the lien of the garnishing judgment creditor. Although it is true that § 546(b) "merely requires that state law 'permit[ ] perfection of an interest in property *to be effective against* an entity that acquires rights in such property before the date of such perfection,'" (Balcor brief at 10, emphasis in original), state law in this instance does not permit a mortgagee's interest in rents to defeat the garnishor's right to accrued rents attached by the garnishment. This Court believes § 546(b) applies only when state law allows the perfection of a creditor's lien to relate back against all claims to all property subject to the lien, not just against claims to property to be acquired by the debtor in the future. The trustee, exercising under § 544(a)(2) the same rights as the garnishing judgment creditor in *Farmers Union,* thus has rights to the rents as of the date of filing against which the mortgagee's rights are ineffective. Since Kansas law does not permit Balcor's lien to defeat (be effective against) the trustee's rights to the rents as a garnishing judgment creditor as of the filing date, § 546(b) is not available to Balcor.

▉ As the Court pointed out in *Glessner,* all that this ruling will do to Balcor is delay recovery of its money. If the debtor fails in its reorganization efforts, Balcor will be able to foreclose on the property and collect the rents while that foreclosure is pending, if it can satisfy the requirements of state law to do so. As held in

*United Savings v. Timbers of Inwood Forest,* 484 U.S. 365, 108 S.Ct. 626, 98 L.Ed.2d 740 (1988), an undersecured creditor like Balcor is not entitled to be protected against the losses that are caused by the forced delay in realizing on its collateral while the bankruptcy is pending, just against any diminution in the value of the property during that time.

For these reasons, just as in *Glessner,* the Court concludes Balcor's interest in the debtor's rents was not perfected under Kansas law as of the date the debtor filed for bankruptcy as required to withstand the trustee's avoiding power under § 544(a)(2), and consequently, the post-petition rents are not Balcor's cash collateral.

The foregoing constitutes Findings of Fact and Conclusions of Law under Rule 7052 of the Federal Rules of Bankruptcy Procedure and Rule 52(a) of the Federal Rules of Civil Procedure.