**GARDEN HOMES, Inc. v. UNITED STATES et al.**

No. 4727.

United States Court of Appeals, First Circuit.

Oct. 23, 1953.

See also 113 F.Supp. 415.

Angus M. MacNeil, Boston, Mass., for appellant.

Robert D. Branch, Asst. U. S. Atty., Concord, N. H., for United States.

Before MAGRUDER, Chief Judge, and WOODBURY and HARTIGAN, Circuit Judges.

PER CURIAM.

Subsequent to our previous decision in this case (200 F.2d 299), the court below held a further hearing as a result of which on January 7, 1953, it entered the order now appealed from appointing a receiver "to collect all rents and profits" of the mortgaged premises falling due during the pendency of the suit to foreclose, and, in addition, specifically ordering the receiver to "pay to the defendant out of rents collected, all necessary and reasonable expenses for maintenance when supported by proper vouchers."

Our jurisdiction over this appeal under Title 28 U.S.C. § 1292(2) is clear.

■ We are somewhat at a loss to understand the reasons for the appellant's dissatisfaction with the order from which it has taken this appeal. We pointed out in our previous opinion that there was adequate *prima facie* evidence of a default, and we also pointed out that under the express terms of the mortgage

itself the court below in the event of default was empowered on the mortgagee's application to appoint without notice a receiver to collect the rents, issues and profits of the mortgaged premises due and becoming due during the pendency of a suit to foreclose. The defendant at the second hearing on the petition for appointment of a receiver was not able successfully to challenge the foregoing conclusions, and it would, therefore, seem evident that appointment of a receiver of rents and profits, such as was appointed in the order appealed from, was quite in order.

The defendant, however, seems to suggest that the function of a receiver of rents and profits is not to collect the rents himself and to pay over therefrom on proper voucher to the mortgagor in possession the sums necessary to maintain the mortgaged property. Instead it appears to assert that a receiver of rents is only authorized to accept from the mortgagor the net amount of the rents collected by the mortgagor which may remain after the mortgagor has himself paid whatever maintenance expenses he thinks are indicated. We find no support in reason or authority for this proposition, which is hardly surprising, for "Obviously, of course, where a receiver of rents, issues, and profits, or for the purpose of collecting or impounding rents, issues, and profits of mortgaged property, is appointed, it is his duty to collect such rents, issues, and profits." 37 Am.Jur., Mortgages § 953. And certainly this must be so because clearly a receiver of only net rents as determined by the mortgagor in possession himself could afford a mortgagee little if any practical protection whatever during the pendency of a suit to foreclose.

■ The appellant's further suggestion that the receiver has failed and refused to pay maintenance expenses presents nothing for this court to consider. It is not our function to supervise the conduct of the receiver. That is the function of the court to which the receiver owes his appointment.

The order of the District Court is affirmed.