**UNITED STATES of America, Plaintiff,**

v.

**AMERICAN NATIONAL BANK AND TRUST CO. OF CHICAGO, as Trustee under Trust No. 25919; Beneficiaries of American National Bank and Trust Company, Trust No. 25919; Sack Realty, Defendants.**

No. 83 C 2447.

United States District Court,
N.D. Illinois, E.D.

Sept. 12, 1983.

Mary Anne Mason, Asst. U.S. Atty., Chicago, Ill., for plaintiff.

John K. Kallman, Ann E. Merryfield, Rudnick & Wolfe, Chicago, Ill., for defendants.

MEMORANDUM OPINION

PRENTICE H. MARSHALL, District Judge.

In this mortgage foreclosure suit, the United States has moved for immediate possession of the mortgaged property or in the alternative, for appointment of a receiver to take possession pending the outcome of this litigation. The Secretary of Housing and Urban Development is the lawful holder of the mortgage executed by mortgagor American National Bank, the trustee of the property. The beneficial owners and Sack Realty, the managing agent of the property, are also joined as defendants. The defendants have no objection to HUD taking possession of the real property and the application of rents later received to-

ward payment of the indebtedness. Defendants contest, however, the request by plaintiffs to be granted immediate possession of bank accounts associated with or derived in any way from the mortgaged property, tenant's security deposits, and all property of the mortgagor of any nature in, on, connected with or used in the operation of the mortgaged property.

■ The United States asserts that HUD is entitled to possession of the property by virtue of a clause in the mortgage which reads:

> Mortgagee shall be entitled to the appointment of a receiver by any court having jurisdiction, without notice, to take possession and protect the property described herein and operate same and collect the rents, profits and income therefrom.

Exhibit B to Complaint, Paragraph 5. The courts have consistently read such clauses to permit the appointment of a receiver. *United States v. Queen's Court Apartments, Inc.*, 296 F.2d 534 (9th Cir.1961); *Garden Homes v. United States*, 207 F.2d 459, 460 (1st Cir.1953); *United States v. Mountain Village Co.*, 424 F.Supp. 822 (D.Mass.1976).

Appointment of a receiver is further justified by the special circumstances of this case. Among these circumstances is that although the owners of the project claimed lack of funds as the explanation for failing to make numerous repairs found necessary by a HUD inspection, Exhibit I to Plaintiff's Motion, the balance sheet for the project showed large sums of money invested in United States Treasury Bills. Exhibit B to Plaintiff's Motion. Such an investment is in direct violation of the Regulatory Agreement between HUD and defendant Sack Realty, which requires all rents and receipts of the project to be kept

in an FDIC insured bank.[1] Although the defendant Sack Realty was notified in writing that such an investment violated the Regulatory Agreement, Exhibit G to Plaintiff's Motion, the funds were not restored to the use of the project.

A further justification for appointing a receiver is the policy underlying the Federal Housing Act through which the project was funded. Government financing promotes the goal of suitable housing for lower income families. 12 U.S.C. § 1701 et seq. (1976). If programs for government funding are to continue, the government must have its investments protected. As the court said in *View Crest Garden Apartments, Inc. v. United States*, 281 F.2d 844 (9th Cir.1960), "good reasons appear for holding that federal policy requires affording every reasonable protection to the security of federal investment." *Id.* at 848.

The United States asserts that giving HUD possession of the property and imposing strict reporting requirements on HUD is the equivalent of appointing a receiver. *See, Real Estate Finance Law* §§ 4.30–32 (1979 ed.). Because the defendants have no objection to rendering possession to HUD rather than to a receiver, possession of the property is granted to the United States during the pendency of the action.

■ The only remaining issue then is what property is to be covered by the order. The defendants agree that HUD is entitled to receipts after it takes possession, but argue that the traditional rule that a mortgagee has no rights to rents collected before it takes possession of the property must apply. *See, In re Matter of Michigan Avenue National Bank*, 2 B.R. 171 (Bkrtcy.N.D.Ill.1980). The United States contends that a departure from the

---

1. The Regulatory Agreement provided in part: All rents and other receipts of the project shall be deposited in the name of the project in a bank, whose deposits are insured by the FDIC. Such funds shall be withdrawn only in accordance with the provisions of the Agreement for expenses of the project or for distributions of surplus cash. Any owner receiving funds of the project other than by such distribution of surplus cash shall immediately deposit such funds in the project bank account and failing so to do in violation of this Agreement shall immediately deliver such property to the project and failing so to do shall hold such property in trust.

general rule is suggested by the policies of the Fair Housing Act. What actually takes this case out of the general rule, however, is the language of the HUD mortgage, which defines the mortgaged property, not only as the real property, but also "the tenements, hereditaments and appurtenances thereunto belonging, and the rents, issues, and profits thereof." Exhibit B to Complaint. Property acquired from the operation of the building then is within the definition of property in the mortgage and is subject to the clause entitling the mortgagee to appointment of a receiver upon the default of the mortgagor.

In *Mountain Village*, a HUD foreclosure suit, the court was faced with the identical description of mortgaged property as well as the same provision for appointment of a receiver. There the court declined to vacate its order to the defendant in default "to turn over ... all of the mortgaged property, real, personal, and mixed, including the bank accounts associated with or derived in any way from the mortgaged property, tenants' security deposits, and all property of any nature in, on, or connected with or used in the operation of the mortgaged property." 424 F.Supp. at 829. The United States requests the same scope of property as the order in *Mountain Village*. The court there decided that the property described in its order was included in the language of the mortgage:

> If the terms of the mortgage govern as to the appointment of a receiver, then the court must also look to that contract to ascertain the precise powers bestowed upon the receiver by such appointment. The mortgage provides for the appointment of a receiver "to take possession and protect the property described herein and operate same and collect the rents, profits and income therefrom." ...
> The mortgage and Regulatory Agreement broadly define the meaning of such property. I conclude that the property which defendant was ordered to turn

over to the receiver comes within that definition.

*Id.*

Similarly, the property requested by the United States is covered by the definition of the mortgaged property. Because defendants have no objection to HUD taking possession instead of a receiver, HUD is granted possession subject to the terms of the order entered September 12, 1983.