AZOR J. HENTHORN *et al*. v. SECURITY COMPANY, *as Trustee, etc.*

No. 13,943.    (79 Pac. 653.)

SYLLABUS BY THE COURT.

1. TITLE AND OWNERSHIP—*Mortgagee in Possession.* Under the facts of this case the plaintiff below was a "mortgagee in possession."

2. ———— *Right to Compel Redemption.* A mortgagee in possession may bring an action against the holder of the legal title to compel him to redeem, or, upon his failure so to do, to have his right of redemption barred.

Error from Cowley district court; CARROLL A. SWARTS, judge. Opinion filed February 11, 1905. Affirmed.

*Samuel Dalton*, and *S. A. Smith*, guardian *ad litem*, for plaintiffs in error.

*L. H. Webb*, for defendant in error.

The opinion of the court was delivered by

CLARK A. SMITH, J.: The petition in this case alleged, substantially, that on October 1, 1887, Elizabeth Henthorn was the owner in fee of the real estate in question, and on said date, jointly with her husband, Amos, delivered to the American Investment Company a promissory note for $1500, due November 1, 1892. At the same time she executed and delivered a mortgage on the land to secure the payment of the note. This mortgage became a first lien on the land. On the same day the Henthorns executed and delivered to the same company five promissory notes for $30 each, due in one, two, three, four and five years, respectively, from November 1, 1887, and also executed and delivered a second mortgage on the same land to secure these notes. Both mortgages were recorded. In December, 1887, the American Investment Company sold and transferred to Theodore P. Strong the $1500 note and mortgage. On the 1st day of June, 1890, Elizabeth Henthorn died, leaving as her heirs the plaintiffs in error and her husband, Amos, all of whom within one year thereafter abandoned the land and all claim thereto. Such abandonment continued to the commencement of this action below, and all of the heirs, except the heirs of Enos A. Henthorn, left Cowley county, in which the lands were situated. Amos Henthorn died in Oklahoma territory in 1892, the exact time being unknown to plaintiff, leaving the plaintiffs in error as his heirs.

On June 12, 1901, the American Investment Company, still retaining the second mortgage and $30 notes, only one of which had been paid, commenced a

suit in Cowley county to foreclose the mortgage, procuring service by publication, which was apparently regular. Judgment of foreclosure was entered and the land was sold thereunder on May 2 to one Bliven, as trustee, who, on May 9, 1893, conveyed it to the American Investment Company. On December 27, 1894, Frank E. Allen, as receiver of the American Investment Company, conveyed the same to the Security Company, as trustee under the will of Theodore P. Strong, deceased. Bliven, as trustee, the American Investment Company and the Security Company have in turn been in possession of the land from the time of the issuance of the sheriff's deed to the commencement of the action. In November, 1901, the plaintiff below first learned that Elizabeth Henthorn had died before the commencement of the foreclosure suit and that Amos Henthorn had died soon thereafter, and that by reason thereof its title, if any it had, was defective.

A general demurrer was filed to the petition and overruled. The defendants excepted and elected to stand on their demurrer. Judgment was rendered for plaintiff, and the defendants bring the case to this court for review solely upon the alleged error in overruling the demurrer.

Had an action in ejectment been commenced by the plaintiffs in error against the defendant in error, an answer setting forth the facts alleged in the petition in this case would have stated a defense. (*Kelso v. Norton*, 65 Kan. 778, 10 Pac. 896, 93 Am. St. Rep. 308; *Mortgage Co. v. Gray*, 68 id. 100, 74 Pac. 614; *Stouffer v. Harlan*, 68 id. 135, 74 Pac. 610.) It remains, then, only to say that a mortgagee in possession, having the right to retain that possession against the holder of the legal title, is not obliged to await the uncertain action of the holder of the legal title to have his rights

adjudicated, but may himself bring an action for that purpose.

The plaintiff below stated facts in his petition which entitled him to equitable relief, if not to the particular relief prayed for, and the demurrer thereto was properly overruled. No objection, however, is made to the judgment which was rendered on the merits.

The judgment is affirmed.

All the Justices concurring.