No. 31,709

HOLTON BUILDING & LOAN ASSOCIATION, *Appellant*, v. D. W. GIBSON, LENA GIBSON, J. E. HAYES, Receiver of the First National Bank of Holton, THE FIRST NATIONAL BANK OF HOLTON and JOHN B. GAREY, *Appellees*.

(33 P. 2d 138.)

Opinion filed June 9, 1934.

*E. R. Sloan, W. Glenn Hamilton, Floyd A. Sloan, Eldon R. Sloan*, all of Topeka, and *Albert M. Cole*, of Holton, for the appellant.

*M. A. Bender*, of Holton, and *Minnie M. Banks*, of Topeka, for the appellees.

The opinion of the court was delivered by

SMITH, J.: This was an action to foreclose a mortgage. A receiver was appointed, who took possession of the property and collected rents. Plaintiff moved that the receiver be directed to pay to it certain money in his hands. From an order overruling this motion plaintiff appeals.

The petition contained the allegations usually found in a petition to foreclose a mortgage. A copy of the note and mortgage was attached to the petition. The note contained the following provision:

"The undersigned hereby assigns to the said Holton Building and Loan Association the rents and income arising at any and all times from the property mortgaged to secure this note, and hereby authorizes the association at its option to take charge of said property, collect and receipt for all rents and income, and apply the same on the payments, insurance premiums, taxes, assessments, dues, repairs or improvements necessary to keep property in tenantable condition, or other charges provided for in this note, provided said payments, dues or charges are three months in arrears. This assignment of

rents to continue in force until the amount secured by this note is fully paid. It is also agreed that the taking of possession shall in no manner prevent or retard the said Holton Building and Loan Association in the collection of said sums by foreclosure or otherwise."

The defendant John B. Garey, who was in possession of the property at the time suit was filed, answered alleging that he was the holder of a warranty deed to the property, admitting the existence of the mortgage, that it was in default, and praying that he have eighteen months equity of redemption.

Two other defendants, D. W. Gibson and wife, answered with a general denial, except that they admitted the note and mortgage set up in the petition. The answer of these defendants also, by way of reply to the answer of the first defendant, denied the allegations of his answer and denied that he was the owner of the property and entitled to the equity of redemption. They also filed a cross petition against Garey. In this cross petition they alleged that they had been holders of the fee-simple title to the real estate in question, but that Garey, by false pretenses, had traded them a worthless piece of land for it and that they had conveyed it to him. They tendered a deed to the worthless piece of land back to Garey and prayed that the deed conveying the real estate in question be set aside and that Garey be compelled to reconvey the real estate in question to them. Garey answered this cross petition with a general denial.

With the issues thus made the plaintiff filed a motion for the appointment of a receiver to collect rent. This motion set out the provision in the note already referred to. It further alleged the property was rented to various tenants; that the rents should be collected and paid as provided in the mortgage.

After a hearing on that application the court appointed a receiver and directed him to take possession of the property and collect the rents. This receiver was appointed March 2, 1933. Defendant Garey filed a motion to discharge the receiver, in which he alleged that the receiver was appointed under the clause in the note that has been referred to, and that "defendant further alleges that the clause in said mortgage deed whereon the *ex parte* appointment of a receiver was had, is fictitious, a stranger to the law, and of no binding force or effect. That nowhere in this mortgage contract, or the proceedings in this action, has it been made to appear 'that the condition of the mortgage has not been performed and

that the property is probably insufficient to discharge the mortgage debt.'" This motion was not acted on until October 27, 1933.

In the meantime the mortgage foreclosure phase of the case was held in abeyance and the issues between Garey and the Gibsons were tried by the court. This resulted in a judgment setting aside the deed whereby the Gibsons conveyed to Garey and restored the Gibsons to the title and possession of the real estate in question.

All this time the receiver had been in possession of the property and collected rents. On October 27, 1933, he reported that he had on hand $355.34. The plaintiff then moved for an order directing the receiver to pay the money in his possession to plaintiff. When this motion came on to be heard by the court the Gibsons moved in open court that the receiver be required to make and file his report. The court heard all these motions, discharged the receiver, ordered him to make his report, overruled the motion of plaintiff praying that the receiver be directed to pay the money collected to it and ordered the receiver to pay to Garey the rents for April and May and that the balance be paid to the Gibsons. The plaintiff appeals from that order.

It will be noted that the note sued on provides that the rent and income arising from the property is assigned to the mortgagee to secure the note. It authorizes the mortgagee to collect all rents and income arising from the property and apply it on the note, including taxes and insurance. The allegation in the petition that the note and mortgage are in default is not challenged.

Plaintiff argues that this court has upheld similar provisions in mortgages providing for the assignment of rents and income from property when the mortgage became in default. It cites and relies on *Hall v. Goldsworthy*, 136 Kan. 247, 14 P. 2d 659; *Kershaw v. Squier*, 137 Kan. 855, 22 P. 2d 468, and *Farmers Union Jobbing Ass'n v. Sullivan*, 137 Kan. 196, 19 P. 2d 476, and cases there cited.

The cases are in point here. In the case of *Hall v. Goldsworthy*, supra, this court upheld a similar provision in a case where the mortgagee had obtained possession of the property and for the period between the default in the mortgage and the sale under foreclosure, from which later time the period of redemption starts. In this case the mortgagee obtained possession of the property through the receiver, as in the Goldsworthy case, and, as far as this record discloses, the mortgage has not yet been foreclosed. To the same gen-

eral effect is *Kershaw v. Squier,* supra; also, *Farmers Union Jobbing Ass'n v. Sullivan,* supra.

Defendants concede the rule as laid down in these opinions, but argue that the court rendering them did not intend to hold that a mortgagee might file a foreclosure action for the sole purpose of securing the rents and income from a property. Defendants insist that the action to foreclose in this suit was not brought in good faith. They point out that a foreclosure judgment has not yet been taken, even though the case was at issue in February, 1933. We are not able to say from this record that the foreclosure suit was not filed in good faith, and no reason appears why defendants have not insisted on the cause being set down and tried.

The judgment of the trial court is reversed, with directions to order the clerk of the district court to pay the money in his hands as rent from the property in question to the plaintiff, to be applied on the note.