(745 P.2d 683)

No. 60,228

MISSOURI VALLEY INVESTMENT COMPANY, *Plaintiff*, v. ANTHONY M. CURTIS AND CARRIE CURTIS, *Defendants*; JACK P. COOK, II, *Appellee*; and MIDAMERICAN BANK AND TRUST COMPANY, *Appellant*.

Opinion filed November 18, 1987.

*Douglas Lancaster*, of Linde Thomson Fairchild Langworthy Kohn & Van Dyke, P.C., of Overland Park, for the appellant.

*Dennis E. Mitchell*, of Kansas City, for the appellee.

Before REES, P.J., DAVIS and SIX, JJ.

SIX, J.: This is an appeal in a foreclosure action. The issue presented is whether the trial court erred in awarding rents collected by a receiver, after default and before the period of redemption, to the property owner rather than to the second mortgagee. We conclude the trial court erred and reverse and remand the case for proceedings consistent with this opinion.

On April 23, 1982, Anthony and Carrie Curtis executed a note and first mortgage on real estate located in Johnson County with Missouri Valley Investment Company (Missouri Valley). On September 28, 1984, the Curtises executed a note and second mortgage with appellant MidAmerican Bank & Trust Company (MidAmerican).

Under the terms of both mortgages, the Curtises agreed to "mortgage, grant and convey" the real estate to the mortgagees, "[t]ogether with all the . . . rents" of the property. Further, both mortgages provided for the appointment of a receiver upon

default "to enter upon, take possession of and manage the Property and to collect the rents of the Property." The mortgages stated that the rents so collected were to be applied "first to payment of the costs of management of the Property and collection of rents," then "to the sums secured by this Mortgage."

The Curtises defaulted on appellant MidAmerican's mortgage in March of 1985 and on the Missouri Valley mortgage in May of 1985. The Curtises were divorced in August of 1985 and, under the terms of the divorce decree, Carrie Curtis conveyed her interest in the property to Anthony Curtis.

Missouri Valley instituted foreclosure proceedings against the Curtises on November 20, 1985, joining appellant MidAmerican as a defendant. On November 22, 1985, Anthony Curtis conveyed the mortgaged property to appellee Jack Cook, who took title subject to the two mortgages. Later that month, Cook leased the property to Mr. and Mrs. James Finken. Cook began collecting rent in the amount of $600 per month.

Appellant MidAmerican filed a cross-claim against the Curtises and Cook to foreclose its second mortgage. On February 6, 1986, upon joint motion of MidAmerican and Missouri Valley, the trial court appointed a receiver. The receiver was instructed, by the appointing order, to collect rents from the property, to purchase casualty insurance, and to protect the property. The receiver collected rents from the property until Missouri Valley purchased the property for the amount of its debt at the August 25, 1986, sheriff's sale.

On August 27, 1986, the trial court confirmed the sheriff's sale. Also on that date, the court entered an order releasing the receiver and awarding him fees totalling $1,248. The trial court awarded the remaining rent proceeds to appellee Cook, the owner of the property. MidAmerican's counsel did not receive either a copy of the receiver's motion or a copy of the notice of hearing until after the hearing and decision. MidAmerican filed a motion for reconsideration of the trial court's decision awarding Cook the remaining rents. The trial court overruled MidAmerican's motion and it is from this ruling that MidAmerican has appealed.

MidAmerican contends the trial court erred in awarding the balance of the post-default, pre-redemption period rent proceeds

collected by the receiver to Cook. MidAmerican's rent claim is based upon two provisions in its mortgage: (1) the provision conveying the rents to it as part of the security for its debt; and (2) the provision relating to the appointment of a receiver in the event of default. We conclude these provisions are enforceable and, consequently, give MidAmerican a claim to the pre-redemption period rents superior to the claim of appellee Cook, the property owner.

Under Kansas law, a mortgage is not a conveyance of an interest in land. "[T]he mortgagee acquires no estate whatever in the property, either before or after condition broken, but acquires only a lien securing the indebtedness described in the instrument." *Hall v. Goldsworthy*, 136 Kan. 247, 249, 14 P.2d 659 (1932).

Kansas is a "lien theory" jurisdiction, not a "title theory" jurisdiction. In a "title theory" jurisdiction, the mortgage is viewed as a form of title to property. Randolph, *The Mortgagee's Interest in Rents: Some Policy Considerations and Proposals*, 29 Kan. L. Rev. 1, 9 (1980). In lien theory states, a mortgagee is not entitled to immediate possession of the property upon default because the mortgage is merely a lien and not a form of title. *Mid-Continent Supply Co. v. Hauser*, 176 Kan. 9, 15, 269 P.2d 453 (1954). Under Kansas law, a mortgagee is entitled to rents collected after default and before the period of redemption if (1) the mortgage conveys or assigns those rents to the mortgagee, and (2) the mortgagee takes possession or control of the rents by proper legal action, such as a receivership proceeding. See *Mid-Continent Supply Co. v. Hauser*, 176 Kan. at 15; *Home Owners' Loan Corp. v. Benner*, 150 Kan. 108, 111-12, 91 P.2d 9 (1939); *Hall v. Goldsworthy*, 136 Kan. at 250-51. We hold that a mortgage provision conveying the rents to the mortgagee is enforceable in Kansas, as to rents collected after default and before the period of redemption, if the mortgagee takes proper legal action to reduce the rents to its possession. See *Holton B. & L. Ass'n v. Gibson*, 139 Kan. 829, 831, 33 P.2d 138 (1934).

Rents properly collected by a receiver, or by other legal action, are to be applied to the liens on the property in the order of priority. *Hauser*, 176 Kan. at 16; *Lumber Co. v. Bowersock*, 109 Kan. 135, 136-37, 197 Pac. 1104 (1921). A mortgagee's right to

share in rents collected by a receiver is not lost once the mortgagee's lien is extinguished at the sheriff's sale. The mortgagee has already reduced the rents to its possession through the appointment of a receiver. *Hall v. Goldsworthy,* 136 Kan. at 251; *Bank v. Dikeman,* 98 Kan. 222, 157 Pac. 1177 (1916).

The trial court in this case appointed a receiver "to collect the rents and profits from the subject property." Under MidAmerican's mortgage with the Curtises, "all rents collected by the receiver shall be applied first to payment of the costs of management of the Property and collection of rents, including, but not limited to, the receiver's fees and premiums on receiver's bonds, *and then to the sums secured by this mortgage.*" (Emphasis added.) There is no provision in the mortgage allowing the owner of the property to retain rents collected from the property. Once Missouri Valley purchased the property for the amount of its judgment, its lien was extinguished and its debt satisfied. MidAmerican, the second lienholder, was next in order of priority and the balance of the rents should have been paid to it. The trial court erred in ordering the receiver to pay the balance of the rents collected to the owner Cook. See *Hall v. Goldsworthy,* 136 Kan. at 250-52.

While it is true that Cook did not give a mortgage rent assignment to MidAmerican, this fact does not change the result in this case. It is undisputed that Anthony Curtis conveyed the property to Cook subject to the mortgages. A purchaser of a mortgagor's interest in mortgaged property takes subject to the provisions of the mortgage. *Kansas Savings & Loan Ass'n v. Rich Eckel Construction Co., Inc.,* 223 Kan. 493, 504, 576 P.2d 212 (1978). Thus, Cook was bound by the rent conveyance provision in the mortgage.

Cook contends that the cases allowing a mortgagee to receive the pre-redemption period rents from mortgaged property all involved an assignment of rents. No such assignment is present in this case. However, the mortgage specifically states that the Curtises agreed to "mortgage, grant and convey" the real estate "together with all . . . rents." The language of the mortgage evidences an intent of the parties to include the rents from the property as part of the security.

Cook suggests that the mortgage provision conveying rents to

the mortgagee is an unenforceable infringement upon the mortgagor's "unassailable right" to the rents and profits of real property during the redemption period. *Cf. Home Owners' Loan Corp. v. Benner,* 150 Kan. at 112. However, MidAmerican is not seeking the rents earned during the redemption period. Rather, MidAmerican seeks only to obtain those rents acquired after default and *before* the redemption period, which is allowed under Kansas law. *Hall v. Goldsworthy,* 136 Kan. at 250-52.

Cook contends that the trial court gave MidAmerican exactly what it asked for, a receiver to collect the rents from the property. Cook asserts that MidAmerican never requested the court to have the receiver hold the excess funds for MidAmerican. We disagree. In the memorandum in support of the joint motion for an appointment of receiver, MidAmerican and Missouri Valley argued that they would suffer irreparable damage unless a receiver was appointed to collect the rents and apply them "to the payment of the back taxes, maintenance and debt service." MidAmerican requested the excess rents by requesting the appointment of a receiver to collect them.

Cook raises two arguments on appeal that were not presented to or ruled upon by the trial court. First, Cook suggests that the mortgage provision granting MidAmerican the rents is ambiguous and, second, that the mortgage is an unenforceable adhesion contract. Because these arguments were not raised at trial, we will not consider them for the first time on appeal. *Lantz v. City of Lawrence,* 232 Kan. 492, 500, 657 P.2d 539 (1983).

The trial court erred in not directing that the remaining rental income collected by the receiver, prior to the property's sale, be paid to appellant MidAmerican. Accordingly, we reverse and remand this case for proceedings consistent with this opinion.

Reversed and remanded.