(755 P.2d 1352)

No. 61,169

MID KANSAS FEDERAL SAVINGS AND LOAN ASSOCIATION OF WICHITA, *Plaintiff/Appellee*, v. DON W. ZIMMER, *et al.*, *Defendants*, and CANDLETREE TOWNHOUSES, *Defendant/Appellant*.

Opinion filed May 27, 1988.

*George Voss*, of Dodge City, for appellant.

*Max Eugene Estes* and *Ronald C. Mason*, of Williams, Larson, Strobel, Estes & Malone, P.A., of Dodge City, for appellee.

Before BRAZIL, P.J., RICHARD W. WAHL, District Judge, assigned, and JAMES P. BUCHELE, District Judge, assigned.

BRAZIL, J.: Candletree Townhouses (Candletree), defendant owner of two condominium units, appeals the trial court's ruling that during the redemption period it was not entitled as owner to possession of the properties, including the rents and profits, under the provisions of K.S.A. 60-2414. We reverse.

Both units were subject to a mortgage in favor of Mid Kansas Federal Savings and Loan Association of Wichita (Mid Kansas) executed by the previous owners, Don W. Zimmer and Katherine A. Zimmer. On the same day the mortgages were executed, the Zimmers executed assignments to Mid Kansas which provided in part:

"Borrower, for and in consideration of Lender's making said loan and for other valuable consideration, . . . assigns . . . to Lender, the rents, profits, and in-

come derived from the real estate . . . [and] in case of default in the payment of the indebtedness . . . [lender is authorized to] receive . . . such rents, income and profits, to take possession of the premises without having a receiver appointed therefor, to rent and manage the same . . . and apply the net proceeds of the rents, income and profits from the real property . . . on the indebtedness until all delinquencies, advances, and indebtedness are paid in full or unless sooner released."

Both units were subsequently conveyed to Candletree by warranty deeds. Although it is not clear from the record, it is our understanding from the oral arguments that the Zimmers defaulted on both mortgages sometime after the units had been conveyed to Candletree, and that Candletree allowed Mid Kansas to assume the management of both units and receive the rents.

Also, following default, Mid Kansas filed a foreclosure action on each mortgage. The trial court held that the Zimmers were in default, ordered foreclosure on both properties, credited the Zimmers for funds which Mid Kansas had received under the assignments of rents, and granted judgments for the remaining balances due. The trial court ordered the sale of both units and granted Candletree a six-month redemption period in each case.

Following the confirmation of both sales, Candletree filed motions to compel Mid Kansas to surrender possession of the properties. The motions urged that Candletree was entitled to possession during the redemption period as a defendant owner, pursuant to K.S.A. 60-2414(a). The trial court denied Candletree's motions and held that under K.S.A. 60-2414(a) the Zimmers' assignment of rents and profits was valid and binding upon Candletree. It additionally found that Mid Kansas was a mortgagee in possession and entitled to retain possession until the mortgages were paid in full.

The right of redemption upon property sold under execution or order of sale is governed by K.S.A. 60-2414. It provides that during the applicable period of redemption "[t]he defendant owner in the meantime shall be entitled to the possession of the property." K.S.A. 60-2414(a). This same provision indicates that both corporate and individual mortgagors may agree in the mortgage instrument to reduce or waive the period of redemption. K.S.A. 60-2414(a). However, a person as mortgagor may not agree to reduce or waive the redemption period "in a mortgage

instrument against a dwelling or dwellings for occupancy by not more than two families or against agricultural land." K.S.A. 60-2414(a).

A defendant owner's right of redemption is also freely assignable or transferable "and the purchaser or assignee shall have the same right of redemption as the defendant owner." K.S.A. 60-2414(k). Thus, the Zimmers' right of redemption was fully transferred to Candletree. This view is consistent with the trial court's orders granting redemption rights to defendant Candletree.

A defendant owner's right to possession during the redemption period generally includes the right to rents and profits from the property. *Home State Bank v. Johnson*, 240 Kan. 417, 428-29, 729 P.2d 1225 (1986); *First Federal Savings & Loan Ass'n v. Moulds*, 202 Kan. 557, 561, 451 P.2d 215 (1969); *Broadhurst Foundation v. New Hope Baptist Society*, 194 Kan. 40, 43, 397 P.2d 360 (1964); *Capitol B. & L. Ass'n v. Ross*, 134 Kan. 441, 443, 7 P.2d 86 (1932); *Ropfogel v. Enegren*, 7 Kan. App. 2d 644, 647, 646 P.2d 1138 (1982). The statutory provision concerning waste during the redemption period preserves this right to rents and profits from the property. K.S.A. 60-2414(p) authorizes the holder of the certificate of purchase to seek appointment of a receiver to prevent waste during the redemption period. However, it specifically protects the right to rents and profits as a part of the right of redemption:

"The receiver may rent, control and manage the premises but the income during that time, except the amount that is necessary to keep up repairs, prevent waste and pay real estate taxes and insurance premiums, shall go to the person who otherwise would be entitled to possession during the period of redemption." K.S.A. 60-2414(p).

On appeal, Mid Kansas urges that any redemption rights had been waived in the instant case. This contention is directly contradicted by the trial court's conclusion that Candletree was entitled to a six-month redemption period. Mid Kansas argues that each mortgage contains language of waiver, but fails to isolate any specific language that would apply here.

The assignment of rents agreements do not contain an express waiver of the right of redemption. In *Broadhurst*, the Kansas Supreme Court held that a corporate mortgagor that had not waived its right of redemption could not separately waive its

right to rents and profits during the redemption period. 194 Kan. at 43-45. The court stated: "The policy of protecting mortgagors in this state is too important to allow even a corporate mortgagor to waive its rights to possession and income without also waiving its equity of redemption." 194 Kan. at 44. At that time the applicable statute allowed waiver of redemption rights by a corporate mortgagor, but did not yet authorize a similar waiver by an individual.

Public policy strongly supports the right of redemption. Earlier statutes did not allow any mortgagor to waive the statutory period of redemption. See *Capitol B. & L. Ass'n v. Ross*, 134 Kan. at 443. In *Southwest State Bank v. Quinn*, 198 Kan. 359, 361, 424 P.2d 620 (1967), the Kansas Supreme Court stated, "This court has always zealously guarded that right."

Mid Kansas argues that the assignment of rents and profits itself establishes a waiver of these same rights during the period of redemption. As noted, *Broadhurst* rejects this position. Furthermore, the case authority cited by Mid Kansas does not establish this proposition and is distinguishable from the present case.

In *Hall v. Goldsworthy*, 136 Kan. 247, 250, 14 P.2d 659 (1932), the court considered the validity of an assignment of rents and profits during the period after the filing for foreclosure but before a sheriff's sale. The decision did not address the validity of such an assignment with regard to rents and profits during the redemption period. As Mid Kansas correctly notes, the applicable statute at the time did not allow waiver or assignment of the rights of redemption.

In *Holton B. & L. Ass'n v. Gibson*, 139 Kan. 829, 33 P.2d 138 (1934), after the filing for foreclosure, the trial court appointed a receiver to take possession and collect the rents. 139 Kan. at 830. The rental proceeds in dispute were from a period after default but before any formal judgment of foreclosure. 139 Kan. at 831-32. Again, the redemption period was not involved.

Similarly, *Kershaw v. Squier*, 137 Kan. 855, 856-57, 22 P.2d 468 (1933), and *Farmers Union Jobbing Ass'n v. Sullivan*, 137 Kan. 196, 197, 19 P.2d 476, *modified* 137 Kan. 450, 21 P.2d 303 (1933), did not directly involve the rights of the parties during the period of redemption. In these cases, no formal judgment of

foreclosure had been entered and the creditors were claiming the right to rents and profits as a "mortgagee in possession."

Finally, in *Home Owners' Loan Corp. v. Benner*, 150 Kan. 108, 91 P.2d 9 (1939), after the filing of a suit to foreclose, the trial court ordered all rents paid to the clerk of the district court. 150 Kan. at 109. On appeal, the defendant mortgagor challenged the trial court's subsequent order awarding the impounded rents to the mortgagee to apply to the mortgage obligation. 150 Kan. at 110. The defendant's appeal challenged the order as a violation of the defendant's homestead exemption rights. 150 Kan. at 110-11. The decision did not address the right to rents and profits during the period of redemption. 150 Kan. at 110-12.

In summary, these cases do not support Mid Kansas' contention that a general assignment of rents and profits constitutes a waiver of the right to rents and profits as an incident of the right of redemption.

In addition, we understand each unit to be a single family condominium and therefore each unit is "a dwelling . . . for occupancy by not more than two families." K.S.A. 60-2414(a). As such, "any person, as mortgagor" is prevented by the statute from waiving the redemption rights.

At oral argument, Mid Kansas seemed to argue that the prohibition against waiver of redemption under 60-2414(a) applied only to waivers "in any mortgage instrument" and not to separate assignments as in the present case. Absent any authority for this argument, we must disagree. The assignments were executed by the Zimmers in conjunction with and at the same time as the notes and mortgages and provided that the assignments were required as additional security for performance of the terms and conditions of the notes and mortgages. The assignments were subject to the provision of K.S.A. 60-2414(a).

Mid Kansas argues that it is a "mortgagee in possession" and is entitled until the mortgage debt is satisfied to retain possession and all rents and profits, including any rents and profits from the property during the period of redemption. "The expression 'mortgagee in possession' has been adopted by the courts and law-writers as a convenient phrase to describe the condition of a mortgagee who is in possession of mortgaged premises under such circumstances as to make the satisfaction of his lien a

prerequisite to his being dispossessed." *Stouffer v. Harlan,* 68 Kan. 135, 137, 74 Pac. 610 (1903).

Candletree argues that Mid Kansas cannot be considered a "mortgagee in possession" after the foreclosure sale because a foreclosure sale terminates the relationship of mortgagor and mortgagee. We agree.

*Bankers Mortgage Co. v. O'Donovan,* 137 Kan. 309, 20 P.2d 809 (1933), relied upon by Mid Kansas, involved an action filed by a mortgagee in possession asking the court not to order a sale but merely fix a redemption period. The trial court ordered a sale and gave the defendant owner the possession of the property and the rents and profits during an eighteen-month redemption period.

The Supreme Court reversed the trial court, stating:

"It also is well settled that a mortgagee in possession may bring an action to compel redemption, or to have the rights of redemption barred. (*Henthorn v. Security Co.,* [70 Kan. 808, 79 Pac. 653 (1905)]; *Jaggar v. Plunkett,* [81 Kan. 565, 106 Pac. 280 (1910)].) *In such an action the time which the court may fix for defendant to redeem is not controlled by our redemption statute applying to judicial sales.* (See *Case v. Lanyon,* 62 Kan. 69, 72, 61 Pac. 406 [1900].)" (Emphasis added.) 137 Kan. at 312.

The court held that since the mortgagee had not requested a judicial sale to determine the amount of a possible deficiency judgment it would be inequitable, under the facts, to add the cost of a foreclosure sale to the property and take the rents and profits from the mortgagee during the redemption period.

Other cases cited by Mid Kansas involving mortgagees in possession dealt with mortgagees who, like Bankers Mortgage, were attempting to compel redemption or have the rights of redemption barred, *Henthorn v. Security Co.* and *Jaggar v. Plunkett;* or purchasers in good faith treated as mortgagees in possession following defective foreclosure proceedings, *Stouffer v. Harlan,* 68 Kan. 135, 74 Pac. 610 (1903); *Kelso v. Norton,* 65 Kan. 778, 70 Pac. 896 (1902). None of the cases involved the right to rents and profits after a valid foreclosure sale.

More recent cases provide support for Candletree's right to the rents and profits during the redemption period. As noted, in *Broadhurst* the court held that the right to rents and profits during the redemption period could not be waived without an

express waiver of the right of redemption itself. 194 Kan. at 44.

In *Moulds*, the court held that the appointment of a receiver during the period of redemption is wrongful, absent a showing of waste. 202 Kan. at 561-62. The court stated, "The right to possession, and to the rents and profits, of property being foreclosed, during the period of redemption is, under K.S.A. 60-2414(a), in the defendant owner of the property, and, except for waste, this right is absolute." 202 Kan. at 561.

In *Ropfogel*, this court held that rents and profits from the redemption period in the possession of a receiver pursuant to K.S.A. 60-2414(p) are not subject to garnishment by a judgment creditor of the defendant owner. 7 Kan. App. 2d at 647-48. The court concluded:

"As we construe the Supreme Court cases, legislative history and the legislature's reaction or inaction, it has been the public policy of this state to steadfastly protect a debtor and the debtor's family by granting them a statutory redemption period. The debtor is given the right of possession during the redemption period and the rents and profits derived from the mortgaged property during that period are exempt from seizure by any creditor not authorized to levy by the redemption statute (K.S.A. 1981 Supp. 60-2414)." 7 Kan. App. 2d at 647.

In a recent case, the Kansas Supreme Court largely reaffirmed the right to rents and profits as a part of the right of redemption. *Home State Bank v. Johnson*, 240 Kan. at 429. However, in *Johnson* the royalties from an oil and gas lease during the redemption period were held to remain validly assigned because the oil and gas leasehold was not being foreclosed. 240 Kan. at 427-30.

This court recently considered the validity of an assignment of rents during the period after default but before the redemption period. *Missouri Valley Investment Co. v. Curtis*, 12 Kan. App. 2d 386, 745 P.2d 683 (1987). The holder of a second mortgage appealed the trial court's order awarding post-default, pre-redemption period rent proceeds to the holder of the redemption rights. As noted by the court, the second mortgagee was not seeking the rents earned during the redemption period but only "those rents acquired after default and *before* the redemption period, which is allowed under Kansas law." 12 Kan. App. 2d at 390 (citing *Hall v. Goldsworthy*, 136 Kan. at 250-52).

Mid Kansas' status as a mortgagee terminated with the judicial

sale of the property, and Candletree is entitled to the rents and profits during the redemption period under K.S.A. 60-2414.

Reversed.