**FEDERAL HOME LOAN MORTGAGE CORPORATION, Plaintiff,**

**v.**

**Edward J. NAZAR, Trustee in Bankruptcy, et al., Defendants.**

**No. 89–1189–C.**

United States District Court, D. Kansas.

May 30, 1989.

Order on Motion to Alter or Amend July 17, 1989.

**556**

Robert E. Nugent, Morris, Lain, Evans, Brock & Kennedy, Wichita, Kan., for plaintiff.

W. Thomas Gilman, Redmond, Redmond, O'Brien & Nazar, Wichita, Kan., for defendants.

## MEMORANDUM AND ORDER

CROW, District Judge.

The case comes before the court on the motion of plaintiff, Federal Home Loan Mortgage Corporation (Freddie Mac), to appoint a receiver to assume custody and control of and to collect rents from the Heather Ridge Apartments in Salina, Kansas. Plaintiff holds a mortgage note and mortgage in the amount of $900,000 on the apartments. The note requires the debtors, Wallace G. McKinney and Joan S. McKinney, to pay monthly installments of $8,912.62 and to make escrow payments for insurance and taxes.

On June 6, 1988, the McKinneys filed a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code in the United States Bankruptcy Court for the District of Kansas. Edward J. Nazar was appointed trustee in the bankruptcy case. Before the debtors' filing of the bankruptcy petition, Freddie Mac apparently took no steps to have a receiver appointed or to obtain possession of the rents pursuant to the assignment of rents provision within the mortgage. The McKinneys have been discharged in bankruptcy and have disclaimed any interest in the Heather Ridge Apartments. The trustee maintains possession of the Apartments and collects the rent.

On January 25, 1989, Freddie Mac filed a motion in bankruptcy court for relief from the automatic stay. In its motion, Freddie Mac expressly requested relief from the stay "to enforce its rights under the mortgage and rent assignment." Over the trustee's objection, the bankruptcy court entered an order on March 24, 1989, allowing the trustee thirty days to indicate its interest in having the Apartments sold through the bankruptcy estate and if none was made, Freddie Mac was relieved "from stay to initiate a foreclosure proceeding."

The mortgage note is presently in default as the trustee has not made monthly installment payments and has not made payments into the tax escrow. Plaintiff represents the escrow account to be depleted and taxes in the approximate amount of $13,000 to be due on June 20, 1989. The amount owing on the mortgage note is $969,917.01 with interest at the annual rate of 11.5% from June 17, 1988. In its original memorandum plaintiff estimates the value of the Apartments at $940,000 with an estimated annual gross income of $216,000. In its reply brief, plaintiff submits an appraisal that the value of the Apartments was $980,000 as of January 6, 1989. The trustee has submitted an appraisal that the value of the Apartments was $1,014,000 as of December 31, 1988.

Plaintiff asserts several grounds for its motion to appoint a receiver. First, plaintiff relies on the terms of the mortgage, in particular, paragraph 26 which provides in relevant part:

As part of the consideration for the indebtedness evidenced by the Note, Borrower hereby absolutely and unconditionally assigns and transfers to Lender all the rents and revenues of the Property, including those now due, past due, or to become due by virtue of any lease or other agreement for the occupancy or

use of all or any part of the Property, regardless of to whom the rents and revenues of the Property are payable. Borrower hereby authorizes Lender or Lender's agents to collect the aforesaid rents and revenues and hereby directs each tenant of the Property to pay such rents to Lender or Lender's agents; provided, however, that prior to written notice given by Lender to Borrower of the breach by Borrower of any covenant or agreement of Borrower in this instrument, Borrower shall collect and receive all rents and revenues of the Property as trustee for the benefit of Lender and Borrower, to apply the rents and revenues so collected in the sums secured by this instrument in the order provided in paragraph 3 hereof with the balance, so long as no such breach has occurred, to the account of Borrower, it being intended by Borrower and lender that this assignment of rents constitutes an absolute assignment and not an assignment for additional security only. Upon delivery of written notice by Lender to Borrower of the breach by Borrower of any covenant or agreement of Borrower in this instrument, and without the necessity of Lender entering upon and taking and maintaining full control of the Property in person by agent or by a court-appointed receiver, Lender shall immediately be entitled to possession of all rents and revenues of the Property as specified in this paragraph 26 as the same become due and payable, including but not limited to rents then due and unpaid, and all such rents shall immediately upon delivers of such notice be held by Borrower as trustee for the benefit of Lender only; provided, however, that the written notice by Lender or Borrower of the breach by Borrower shall contain a statement that Lender exercises its rights to such rents.

. . . .

Upon Borrower's breach of any covenant or agreement of Borrower in this instrument, Lender may in person, by agent or by a court-appointed receiver, regardless of the adequacy of Lender's security, enter upon and take and maintain full control of the Property in order to perform all acts necessary and appropriate for the operation and maintenance thereof including, but not limited to, the execution, cancellation or modification of leases, the collection of all rents and revenues of the Property, the making of repairs to the Property and the execution or termination of contracts providing for the management or maintenance of the Property, all on such terms as are deemed best to protect the security of this instrument. In the event Lender elects to seek the appointment of a receiver for the Property upon Borrower's breach of any covenant or agreement of Borrower in this Instrument. Borrower hereby expressly consents to the appointment of such receiver. Lender or the receiver shall be entitled to receive a reasonable fee for so managing the Property.

Second, plaintiff asserts the trustee has failed to make payments on the note and to pay the real estate taxes. Lastly, plaintiff contends that property needs to be preserved pending final judgment and that plaintiff needs to be protected from loss of rental income and continued accrual of real estate taxes, penalties and interest. The trustee opposes the appointment of a receiver as being contrary to state law, the bankruptcy court's order, the Bankruptcy Code and the United States Constitution.

*Federal Law*

In their initial briefs, the parties agreed Kansas law would govern the determination of a mortgagee's security interest in rents and property deriving from mortgaged property. *See Butner v. United States*, 440 U.S. 48, 54, 99 S.Ct. 914, 917, 59 L.Ed.2d 136 (1979) "Property interests are created and defined by state law. Unless some federal interest requires a different result, there is no reason why such interests should be analyzed differently simply because an interested party is involved in a bankruptcy proceeding." *Id.* at 55, 99 S.Ct. at 918. In its reply brief, Freddie Mac raises for the first time that it is entitled to have federal law govern its rights because it is a federal instrumentality disbursing federal funds. *See United States v. Kimbell Foods, Inc.*, 440 U.S. 715, 726–27, 99 S.Ct. 1448, 1457–58, 59 L.Ed.2d 711 (1979). While a reply brief is not the appropriate pleading to be raising substantive arguments in the first instance, the court will consider the issue since the Trustee has had an opportunity to respond.

When federal agencies lend funds pursuant to authority conferred by federal statute, the agencies' rights also derive from and are protected by federal law. *Kimbell Foods*, 440 U.S. at 726–727, 99 S.Ct. at 1457–58; *United States v. Landmark Park & Associates*, 795 F.2d 683, 685

(8th Cir.1986). The courts have consistently looked to federal law to govern the rights and remedies available to federal lenders such as the Department of Housing and Urban Development, (HUD), the Farmers Home Administration, the Federal Housing Administration, and the Small Business Administration. *Landmark Park*, 795 F.2d at 686 (and cases cited therein); *In re Vincent Gaines Implement Co., Inc.*, 71 B.R. 14 (Bankr.E.D.Ark.1986). The trustee does not dispute that Freddie Mac, like HUD and the others, is a nationwide federal mortgage lender. Accordingly, there exists a federal interest in uniform laws to be applied to Freddie Mac's mortgage rights and remedies.

■ The Eighth Circuit has considered whether the federal rule of decision as to the perfection of a mortgagee's interest in rents should be governed by state law or some applicable federal law. *Landmark Park*, 795 F.2d at 686. This court agrees with the Eighth Circuit's observation that there exists a variance in state laws and a heterogeneous body of case law on the issues of when and how an interest in rents may be perfected. Concluding a uniform federal rule on a federal lender's right to enforce an assignment of rents was justified, Eighth Circuit looked to two federal district court decisions which had held that the assignment provisions entitled the mortgagee to the rents and that this right was activated and perfected upon the debtor's default. *Id.* at 687 (citing *United States v. Floral Park Development Co.*, 619 F.Supp. 144 (S.D.Ohio 1985); *United States v. American Nat. Bank & Trust Co.*, 573 F.Supp. 1319 (N.D.Ill.1983)). Enforcing the assignment of rents clause as written, the circuit court found that the mortgagor's right to rents terminated upon default and that the mortgagee's right to rights was not conditioned upon appointment of a receiver even though the deed of trust permitted such a remedy. *Landmark Park*, 795 F.2d at 687. The court considered the act of recording the loan documents essential to perfect the security interest in rents otherwise created by the assignment clause. *Id.*

After comparing the assignment of rent provisions in *Landmark Park* and the present case, the court is persuaded that the assignments are substantially similar and that the Eighth Circuit precedent should be followed. Freddie Mac's verified complaint establishes that the mortgage and mortgage assignment have been duly recorded. Consequently, Freddie Mac's in-, terest in the rents from the Apartments was perfected upon the McKinneys' default, which apparently occurred prior to their filing for bankruptcy. The bankruptcy stay having been lifted and Freddie Mac's security interest in the rents having been perfected before the bankruptcy petition was filed, the trustee has no status under the Code which would prevent Freddie Mac's enforcement of the assignment of rent provision.

■ The trustee advances two arguments in opposition to plaintiff's request to apply federal law. First, the trustee considers the issue to be whether a receiver should be appointed and not whether Freddie Mac's security interest in rents is perfected. The court sees the distinction but does not believe it is significant in deciding which law to apply. Courts have enforced receivership provisions in HUD mortgages finding the matter to be controlled by federal law, not state law. *United States v. Drexel View II, Ltd.*, 661 F.Supp. 1120, 1122 (N.D.Ill.1987) (and cases cited therein). In interpreting the receivership provisions of the HUD mortgages, courts have found default alone to warrant appointment of a receiver. *Drexel View II*, 661 F.Supp. at 1122; *see e.g., United States v. American Nat. Bank & Trust Co.*, 573 F.Supp. 1317, 1318 (N.D.Ill.1983). The terms of Freddie Mac's mortgage permit appointment of a receiver upon the debtor's breach. Because the McKinneys and the trustee have been in default on the mortgage for at least one year, appointment of a receiver is warranted. The trustee's failure to pay past real estate taxes and apparent inability to pay those taxes due in June of this year are additional equitable reasons supporting appointment of a receiver. *See Drexel View II*, 661 F.Supp. at 1123.

The trustee's other argument against application of federal law is the choice-of-law provision contained in the subject mortgage. As a uniform covenant of Freddie Mac's "Multifamily" mortgage, paragraph twenty-two provides in pertinent part:

This form of multifamily instrument combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property and related fixtures and personal property. This instrument shall be governed by the law of the jurisdiction in which the Property is located. In the event that any provision of this Instrument or the Note conflicts with

applicable law, such conflict shall not affect other provisions of this Instrument or the Note which can be given effect without the conflicting provisions....

The court is concerned over what effect, if any, this provision has on the recognized doctrine of applying federal law to determine the rights and remedies of federal lenders disbursing federal funds. The clause could be narrowly read as not affecting the uniform rights and remedies of Freddie Mac recognized under federal law. As the parties have not fully briefed this issue, the court will withhold its ruling on the effect of that clause and, therefore, will briefly address the merits of plaintiff's motion under relevant state law.

*State Law*

■ As Kansas law treats mortgages as mere liens, the mortgagee is not entitled to immediate possession of the property upon the debtor's default. *Mid–Continent Supply Co. v. Hauser*, 176 Kan. 9, 15, 269 P.2d 453 (1954); *Hall v. Goldsworthy*, 136 Kan. 247, 249, 14 P.2d 659 (1932). The right of possession, including rents and profits *during the redemption period*, cannot be made contingent upon a default in payment. *Hall v. Goldsworthy*, 136 Kan. at 250, 14 P.2d 659. On the other hand, a mortgage provision assigning rents and profits is enforceable as to rents collected *after default and before redemption. Mid Kansas Fed'l Savings & Loan Ass'n v. Zimmer*, 12 Kan.App.2d 735, 738–741, 755 P.2d 1352 (1988); *see Holton B. & L. Ass'n v. Gibson*, 139 Kan. 829, 831, 33 P.2d 138 (1934). If the mortgage assigns the rents to the mortgagee and the mortgagee possesses or controls the rents through proper legal action, as in a receivership provision, the mortgagee may lawfully receive those rents collected after default and before redemption. *Missouri Valley Investment Co. v. Curtis*, 12 Kan.App.2d 386, 388, 745 P.2d 683 (1987) (and cases cited therein).

The trustee contends that despite this general law as to the mortgagee's need to possess the rents through a receiver, plaintiff is not entitled to one solely because of the rent assignment clause. The trustee argues other circumstances, such as waste or inadequate security, must also be present before a receiver should be appointed. This court believes Kansas case law is to the contrary, and reasonably so, since the trustee's position essentially requires rewriting or ignoring significant language in many mortgages.

One author on the subject of a mortgagee's right to rents has noted:

An assignment of present and future leases on the mortgaged property appears in many form leases. Even more common is a general assignment of rents. Typically, the parties do not intend that the mortgagee have any right to the rents until default, even though many of the provisions are worded so that they appear to give a present interest to the mortgagee. Such arrangements are called "passive" assignments, as opposed to "active" assignments by which the mortgagee receives the right to collect and apply the rents from the inception of the mortgage relationship. Most jurisdictions will recognize these assignment provisions as effective upon default, even with respect to leases that were not in existence at the time of mortgage.[63]

[63] Of those jurisdictions [lien states] identified in note 56 *supra*, as refusing to honor mortgage provisions for possession, arguably only Oklahoma, North Dakota, Alaska (no cases), Florida, Nevada, and Arizona require an equitable basis other than the assignment of rents clause in order to appoint a receiver to collect the rents. Other jurisdictions, including Kansas, customarily use a receiver to obtain the rents, and will appoint one routinely when there is a clear interest in the rents given in the mortgage.

Randolph, *The Mortgagee's Interest in Rents*, 29 Kan.L.Rev. 1, 17–18 (1980) (footnotes 59–62 omitted). *See, e.g., Holton B. & L. Ass'n v. Gibson*, 139 Kan. at 830–31, 33 P.2d 138; *Missouri Valley Investment Co. v. Curtis*, 12 Kan.App.2d at 388–390, 745 P.2d 683. Those Kansas decisions cited by the trustee as requiring the movant to show certain equitable circumstances before its motion to appoint a receiver was granted are distinguishable. Besides not involving assignment of rent provisions, those cases did not address circumstances where the parties had previously consented to appointment of a receiver.

By the express terms of the mortgage at issue, the debtors have expressly consented to the appointment of a receiver upon their breach. In order to perfect its interest in rents under Kansas law, the mortgagee must reduce the rents to its possession by some legal means. Rents collected by a receiver or other legal action are to be applied to the liens on the property in the order of priority. *Missouri Valley Investment Co.*, 12 Kan.App.2d at 388, 745 P.2d 683. As it does not contravene Kansas law

for a party to pledge its rents and profits after default and before redemption, the court sees no reason for not likewise enforcing an agreement to appoint a receiver to collect rents during that same period.

■ The trustee next argues that Freddie Mac does not have relief from the automatic stay of the bankruptcy court, 11 U.S.C. § 362, so as to seek appointment of a receiver and thereby perfect its security interest in the rents under Kansas law. The court agrees with Freddie Mac that the bankruptcy court has relieved it from the stay to pursue its rights and remedies existing under the mortgage and applicable law. In its motion before the bankruptcy court, Freddie Mac requested that court to lift the stay in order that its "rights under the mortgage and rent assignment" could be enforced. The bankruptcy court ruled that "Freddie Mac shall have relief from stay to initiate a foreclosure proceeding."

This court does not read from that order any condition or limitation upon Freddie Mac's relief from the stay to foreclose. Freddie Mac's motion to appoint a receiver is an effort to perfect and foreclose its security interest in rents. Relief from stay "to initiate a foreclosure proceeding" necessarily allows Freddie Mac to pursue whatever foreclosure rights it has under the mortgage, state law or federal law. *See In re Ellis*, 60 B.R. 432, 436 (9th Cir. 1985). The court need not address whether plaintiff's post-petition perfection of its security interest in rents falls within the terms of 11 U.S.C. §§ 362(a)(4) and 546(b) since relief from stay allows plaintiff to perfect its interest as to those rents hereafter accruing.

■ Finally, the trustee contends the appointment of a receiver solely upon the basis of the mortgage provision violates due process. The court shares plaintiff's confusion on this argument. The trustee was given notice of plaintiff's motion. The court heard oral arguments and then requested the parties to submit briefs, and the trustee has filed two briefs. These proceedings have necessarily provided the trustee with notice and an opportunity to be heard. The abstract issue of whether the plaintiff could have obtained this relief *ex parte* under the terms of the mortgage is not determinative of any contested matter before the court.

IT IS THEREFORE ORDERED that plaintiff's motion to appoint a receiver is granted.

IT IS FURTHER ORDERED that plaintiff should submit an order appointing a receiver. The order will not provide for any interim disbursements to the parties in this case. After entry of the foreclosure judgment and sale of the Apartments, the rents collected and held by the receiver will be distributed to the parties in the order of priority.

## MEMORANDUM AND ORDER

### On Motion to Alter or Amend

The case comes before the court on the motion of defendant, Edward J. Nazar, the trustee in bankruptcy (trustee) to alter and amend the court's memorandum and order filed May 30, 1989, and the order appointing receiver filed June 2, 1989. By those orders, the court granted the motion of plaintiff, Federal Home Loan Mortgage Corporation (Freddie Mac) to appoint a receiver to assume custody and control of and to collect rents from the Heather Ridge Apartments in Salina, Kansas.

A motion to reconsider or to alter and amend is an opportunity for the court to correct manifest errors of law or fact and to review newly discovered evidence. *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 90986231108 (N.D.Ill.1983).

The trustee contends the court erred when it made a finding of fact that the McKinneys defaulted on the mortgage at issue prior to filing their bankruptcy petition. While the trustee submits no evidence as to when the default occurred, Freddie Mac, also without a supporting affidavit, states:

The Debtor's May 1988 payment was not made until June of 1988. The payments made thereafter were always one month in arrears. The Trustee ceased any payments after August of 1988. A payment default clearly existed at the time Freddie Mac's stay relief motion and receivership motions were filed.

(Dk. # 47, p. 1 n. 1). There is still no record before the court upon which a finding of fact could be made regarding the date of default.

In the May 30th order, the court did not find that McKinneys' had defaulted before filing their bankruptcy petition since there was no record to sustain that finding. The court's use of "apparently" in referring to that occurrence indicates a presumption rather than an evidentiary finding. Even though this presumption now appears to be

erroneous, the alternative ground for the court's ruling remains unaffected and valid.

The date of default is critical in determining under federal law when Freddie Mac's interest in rents was perfected. If perfected before the petition was filed, then neither the trustee's status nor the automatic stay arising from the Bankruptcy Code would prevent the appointment of a receiver. The court offered this as a possible result presuming not only that McKinneys had defaulted prepetition but also that the automatic stay, notwithstanding the bankruptcy court's order lifting it, somehow still prevented appointment of a receiver under federal and state law. The court specifically rejected this latter presumption at pages twelve and thirteen of the May 30th order, and the court has been given no reasons to reconsider that ruling.

Next, the trustee notes that court relied in part upon a law review article in ruling that Kansas law allowed the appointment of a receiver without an equitable basis, Randolph, *The Mortgagee's Interest in Rents,* 29 Kan.L.Rev. 1 (1980). The trustee argues that the same article also addresses the impact of a mortgagor's bankruptcy upon the mortgagee's right to rents and advocates analysis and results which differ from that used by the court. After reviewing again those sections of the article cited by the trustee, the court does not perceive the contradictions argued by the trustee. The law review article is silent on whether federal law should govern a *federal lender's* right to rents. The article also does not state that after the bankruptcy stay has been lifted a mortgagee has lost its right to rents, assuming federal law governs, or has lost the right to perfect its interest in rents, assuming state law governs. The author stresses the mortgagee's interest in rents is protected during bankruptcy only if perfected before the petition is filed, but he does not rule out the possibility of a mortgagee receiving rents as part of the foreclosure proceedings permitted after the stay has been lifted.

In his reply brief, the trustee attempts to distinguish the present case from the decision of *United States v. Landmark Park & Associates,* 795 F.2d 683, 685 (8th Cir.1986). Whether federal or state law controls the determination of when Freddie Mac's interest in rents was perfected will be important in the final decision on the amount of rents Freddie Mac may recover. The court considers this issue properly reserved for full briefing by the parties when the matters of distributing the rents and determining priority are ultimately decided, if necessary, by the court.

IT IS THEREFORE ORDERED that the trustee's motion to alter and amend is denied.