NOT DESIGNATED FOR PUBLICATION

No. 124,999

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

KEARNY COUNTY BANK, et al.,
*Appellees*,

v.

STANTON K. REDGER,
*Appellant*.

MEMORANDUM OPINION

Appeal from Kearny District Court; CHRISTOPHER SANDERS, judge. Submitted without oral argument. Opinion filed August 1, 2025. Reversed and remanded with directions.

*Stanton Redger*, appellant pro se.

*Michael E. Collins*, of Hope, Mills, Bolin, Collins & Ramsey LLP, of Garden City, for appellee Kearny County Bank.

*James R. Dummermuth* and *Michael C. Doering*, of Doering, Grisell & Cunningham, P.A., of Garden City, for intervenor-appellee Quality Hay, LLC.

Before ATCHESON, P.J., CLINE and PICKERING, JJ.

PER CURIAM: The Kearny County Bank (the Bank) foreclosed on five promissory notes executed by Stanton K. Redger. The district court ordered a three-month redemption period following a sheriff's sale. More than three months after the date of sale, Redger moved to set aside the sheriff's deed and extend the redemption period. Redger later moved for relief from the judgment of foreclosure. The district court denied Redger's motions as untimely.

1

Redger appeals, raising three main claims: (1) The redemption period ran from the date of the order of confirmation rather than the date of the sheriff's sale; (2) Kansas Supreme Court Administrative Order 2020-PR-016, effective March 18, 2020, tolled his redemption period; and (3) he should have qualified for a 12-month redemption period instead of a 3-month redemption period.

After reviewing the record, we find Redger should have received a 12-month redemption period. Therefore, we reverse and remand to the district court.

FACTUAL AND PROCEDURAL BACKGROUND

On May 10, 2019, the Bank filed a foreclosure petition on five promissory notes executed by Redger. The Kearny County Sheriff's Department personally served Redger with the petition on May 13, 2019. The foreclosure petition stated the initial principal balances owed on Redger's promissory notes totaled $1,693,999.78. The principal balances remaining totaled $1,002,532.63.

After Redger failed to answer the petition or appear, the district court issued a default judgment on June 10, 2019. The Bank's counsel mailed the order to Redger that same day. The court gave Redger 14 days to satisfy the judgment or the court would order a sheriff's sale of the real and personal property securing the promissory notes. The order stated that a sheriff's sale would be subject to a redemption period of "three months from the date of sheriff's sale."

On August 5, 2019, the district court ordered a sheriff's sale of the real and personal property. The district court issued an amended order of sale on December 19, 2019. Following the court's order, a notice of sale was published in the newspaper on December 25, 2019, January 8, 2020, and January 15, 2020. In addition, The Bank's counsel mailed a copy of the notice of sale to Redger on December 30, 2019.

2

The sheriff's sale occurred on January 23, 2020. Thereafter, the Bank filed a motion for confirmation of sheriff's sale. On February 13, 2020, the district court issued an order confirming the sale. The court ordered that the sale was subject to a three-month redemption period. Redger did not appear at the hearing on the motion to confirm the sale.

Shaun and Tammy Hutcheson, the buyers of the real property, obtained a sheriff's deed on April 23, 2020. That same day, the Hutchesons sold the property to Quality Hay, LLC.

On May 8, 2020—more than three months after the date of sale—Redger wrote a letter to the district court. In the letter, Redger stated he believed "we are still within the redemption period (90 day[s] from sale)" and that "[n]ow it is too late for my Investor to get his papers prepared." Redger asked for "3 weeks grace," claiming he had "been unable to accomplish what needs to be done with the social distancing that is necessary for our health." On May 12, 2020, Redger issued a check for $1,080,000 to the district court for redemption. The district court clerk returned Redger's check to him and replied that she was "unable to process [Redger's] check, as the District Court has no further involvement in this matter."

On May 24, 2020, after hiring counsel, Redger wrote another letter to the district court requesting "a contract on the redemption of my property." Redger indicated he needed a contract signed by the seller and buyer of his property for a loan application. On May 31, 2020, Redger wrote to the district court asking the court to extend the redemption period to 12 months.

On June 10, 2020, Redger filed a motion to set aside sheriff's deed, for stay of execution, and to extend redemption period. He filed a first amended motion the next day. In the amended motion, Redger argued that by Administrative Order 2020-PR-032

the Kansas Supreme Court had "suspended all statutes of limitations and statutory time standards or deadlines applying to the conduct or processing of judicial proceedings as of March 19, 2020, and until further order." He claimed that because the district court did not issue an order exempting the case from the Supreme Court's suspension of deadlines, the redemption period was still active. Because the redemption period was still in effect, Redger asserted, the sheriff had no legal authority to issue a sheriff's deed to the real property to the Hutchesons.

The Bank and Quality Hay responded that processing a redemption check was not a judicial proceeding subject to suspensions under the administrative order; instead, it was an essential function that district courts were still required to carry out under the administrative order.

On July 2, 2020, Redger, through counsel, filed a motion for relief from journal entry of judgment on foreclosure and request for sanctions. He claimed the Bank's foreclosure judgment was void since the Bank did not request a three-month redemption period in its foreclosure petition. Redger asserted the proper redemption period was 12 months and asked the court to correct the redemption period pursuant to K.S.A. 2020 Supp. 60-260(a). Redger also asked the court to set aside the foreclosure judgment under K.S.A. 2020 Supp. 60-260(b)(4) and (b)(6), contending that the Bank committed injustice "by sneaking in an illegal redemption period into the Foreclosure Judgment."

On June 21, 2021, the Bank, the Hutchesons, and Quality Hay filed a joint motion to dismiss all of Redger's motions. A hearing on the joint motion occurred on August 25, 2021. At the hearing, the Bank, the Hutchesons, and Quality Hay argued that by waiting to appear until after the redemption period expired, Redger failed to protect his interests within a reasonable time. Redger appeared without counsel at the hearing and claimed that when looking at the statutes, he thought he had a 12-month redemption period.

In an amended journal entry on January 4, 2022, the district court denied Redger's motion to set aside sheriff's deed, for stay of execution and to extend redemption period. The court found the redemption period expired on April 22, 2020. Because Redger first appeared by filing his motion 13 months after the Bank filed the foreclosure petition, the district court denied the motion.

ANALYSIS

Redger raises three main issues: (1) The redemption period ran from the date of the order of confirmation rather than the date of the sheriff's sale; (2) "[t]his was taking place during [COVID-19], established rules and regulations had been set and not lifted"; and (3) he should have qualified for a 12-month redemption period instead of a 3-month redemption period. Because we grant Redger relief under K.S.A. 2020 Supp. 60-260(b)(6), we do not address his arguments for applying K.S.A. 2020 Supp. 60-260(b)(4) or his other arguments.

*The District Court Abused Its Discretion by Denying Redger the Full Redemption Period*

Before the district court, Redger argued he was entitled to relief under K.S.A. 2020 Supp. 60-260(b)(6) because he was unlawfully denied his full redemption period. The granting of relief from judgment rests in the sound discretion of the court and will not be disturbed except as an abuse of discretion. *Garcia v. Ball*, 303 Kan. 560, 565-66, 363 P.3d 399 (2015). A district court abuses its discretion when its "action is (1) arbitrary, fanciful, or unreasonable, (2) based on an error of law, or (3) based on an error of fact." 303 Kan. at 566. Redger is entitled to relief under K.S.A. 2020 Supp. 60-260(b)(6), which states the district court may relieve a party "from a final judgment, order or proceeding" for "any other reason that justifies relief."

5

Under K.S.A. 2024 Supp. 60-2414(a), after foreclosed property is sold, a property owner can redeem his or her real property any time within 12 months of the date of sale. The redemption period may be "shortened or extinguished" if the district court finds "after hearing, . . . upon not less than 21 days' notice to all parties, that the property has been abandoned, or is not occupied in good faith." K.S.A. 2024 Supp. 60-2414(a). Further, K.S.A. 2024 Supp. 60-2414(m) provides another exception to the 12-month redemption period: "In the event a default occurs in the conditions of the mortgage or instrument of the most senior lien foreclosed before [one-third] of the original indebtedness secured by the mortgage or lien has been paid, the court shall order a redemption period of three months."

Redger claims he had paid one-third of his debt and should have received a 12-month redemption period. Redger is correct; he was entitled to a 12-month redemption period rather than a 3-month redemption period. The Bank's foreclosure petition shows that the initial principal owed on Redger's mortgages totaled $1,693,999.78, with $1,002,532.63 remaining. Thus, Redger had paid about 40% of his original debt.

In *Garcia*, Ball failed to answer a petition alleging legal malpractice, and Garcia obtained a default judgment against him. The district court later set the default judgment aside and dismissed the case. Garcia appealed, and another panel of this court reversed the district court. 303 Kan. at 561. Ball then petitioned for review, "arguing that the district court properly set aside the default judgment pursuant to K.S.A. 60-260(b)(6)." 303 Kan. at 561. The Supreme Court noted that Kansas courts have consistently held that default judgments are not favored and, where possible, cases should be decided on the merits, particularly in matters involving large sums of money. 303 Kan. at 568. The court held: "K.S.A. 60-260(b)(6) 'is to be liberally construed "to preserve the delicate balance between the conflicting principles that litigation be brought to an end and that justice be done in light of all the facts."'" 303 Kan. at 570. Because Kansas has a strong policy of disfavoring default judgments and Ball had a meritorious defense, the Supreme Court

concluded that "the district court did not abuse its discretion in granting Ball's motion to set aside the default judgment pursuant to K.S.A. 60-260(b)(6)." 303 Kan. at 571.

Further, in *In re Estate of Newland*, 240 Kan. 249, 260, 730 P.2d 351 (1986), the Supreme Court held that, "under K.S.A. 60-260(b)(6), relief is afforded from a judgment erroneous on its face entered in violation of law." There, the decedent died intestate, survived by five siblings and one child. However, the son was estranged, and the decedent's siblings had no knowledge of his whereabouts. The administrator took steps to locate the son but was not successful. As a result, the court distributed the estate to the decedent's siblings. Shortly thereafter, the decedent's son appeared and filed a petition requesting the estate be reopened under K.S.A. 60-260(b). Under K.S.A. 59-506, the decedent's son was the rightful heir unless his death preceded the decedent's death or the son renounced his interest in the estate. Because the district court did not find either of those conditions existed, the siblings' heirship was erroneous. The Supreme Court found: "[T]he scales of justice tilt toward the heir who was unlawfully divested of his property." 240 Kan. at 260.

"Public policy strongly supports the right of redemption." *Mid Kansas Fed'l Sav. & Loan Ass'n v. Zimmer*, 12 Kan. App. 2d 735, 738, 755 P.2d 1352 (1988). The Supreme Court "'has always zealously guarded'" the right to redemption. 12 Kan. App. 2d at 738. "The purpose of the redemption statute is to prevent hardship and inequity." *Farm Credit Bank of Wichita v. Zerr*, 22 Kan. App. 2d 247, 252, 915 P.2d 137 (1996). The *Garcia* court held the district court did not err in granting relief from judgment under K.S.A. 60-260(b)(6) based on public policy disfavoring default judgments. Here, public policy supports a landowner receiving the proper redemption period, which Redger was denied.

In *In re Estate of Newland*, the decedent's son was denied his statutory right of inheritance based on the district court's erroneous application of law. 240 Kan. at 260. Here, similarly, Redger was unlawfully divested of his property based on an erroneous

7

application of the law: an incorrect redemption period. Like the Supreme Court in *In re Estate of Newland*, we find "the scales of justice tilt toward" granting Redger the entirety of his redemption period. See 240 Kan. at 260.

We have determined that the district court erred when it gave Redger a three-month redemption period and found the redemption period ended on April 22, 2020. Under K.S.A. 2020 Supp. 60-2414(a), Redger was entitled to a 12-month redemption period from the date of the sale, but that 12-month period has expired. If we were to find that Redger's redemption period had run, there would be no remedy available for Redger despite the district court's error. As we have said, Redger was entitled to a 12-month redemption period. He received a three-month redemption period. Thus, the district court abused its discretion when it found the redemption period expired on April 22, 2020.

We direct the district court to enter an order granting Redger nine months to redeem the property from the date of the entry of that order. See *Piatt v. Flaherty*, 96 Kan. 42, 45, 149 P. 734 (1915) (party should not lose right of redemption because redemption period expired while litigation was ongoing). This grants Redger the entirety of the redemption period K.S.A. 2020 Supp. 60-2414(a) afforded him.

Because we reverse and remand with instructions to enter an order granting Redger nine months to redeem the property, we need not reach whether Administrative Order 2020-PR-016 tolled Redger's redemption period.

Reversed and remanded with directions.